## SCOTT v. FABACHER. *
### No. 14201.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

J. H. Wiener, of New Orleans, for appellant.

Jos. Rosenberg, of New Orleans, for appellee.

HIGGINS, J.

This is a suit by a tenant against his former landlord to recover the sum of $182.35 damages claimed to be due as a result of the lessor illegally and forcibly entering the leased premises and removing the furniture and personal effects of the lessee into the yard, where, it is alleged, they were lost, destroyed, or stolen. He claims $82.35 for·the loss of his property and $100 for trespass.

The defendant admitted that he leased the room to the plaintiff on October 3, 1931, for a weekly rental of $1.50 per week, and that on November 26, 1931, he removed certain furniture and clothing from the room and placed them in the hallway of the premises,

*Rehearing denied June 27, 1932.

but denies liability, averring that the tenant paid only the first week's rent, and, being in arrears several weeks, was requested to vacate the room; that plaintiff instructed defendant to place the furniture in the hall of the premises, from which the plaintiff subsequently removed them.

There was judgment in favor of the plaintiff for the sum of $50, and the defendant has appealed. The plaintiff has answered the appeal and asks that the amount prayed for be allowed.

The plaintiff was the only witness who testified in his behalf, and he admits that he was several weeks in arrears in the payment of his rent, but says that he told the defendant's son, who was defendant's agent and representative, that as soon as he obtained employment he would pay the rent; that he placed a Yale lock on the door of his room, and that, on the morning of November 26, 1931, he went to work and on his return found that his furniture and effects had been placed in the back yard, and that his watch, chain, Winchester rifle, three suits of clothes, and certain other apparel were missing.

The defendant's son testified that he repeatedly requested the plaintiff either to pay the rent or vacate the premises, and, upon serving a vacate notice on him, plaintiff instructed the witness to have the furniture and effects in the room placed in the hall of the premises, as he was unable to pay for the moving of them, or the hiring of another room; that he had the defendant's belongings, which consisted of a bed, mattress, and some old clothing, stored in the hall, as directed, but denies that a watch, or a rifle, or an overcoat was taken from the room; and that the only good suit of clothes that the plaintiff had was intrusted to one of the tenants in the building for the purpose of delivering it to the plaintiff, and that he obtained the suit from her.

This witness is corroborated by the testimony of the man who removed the furniture and effects from the room and placed them in the hall, and also a tenant who lived in the same building, both stating that the bed and mattress and soiled clothing were placed in the hall, and that the suit was left in the care of a woman who lived there, and that plaintiff subsequently got the suit from her.

The plaintiff in this testimony states that the watch was worth $100, but in his petition he values the Waltham watch at $4. He further says in his testimony that when he returned from work to the premises on November 26, 1929, he found his effects in the yard, but made no attempt to remove or protect them, and that he did not know what became of them thereafter.

While we realize that only issues of fact are involved, and that an appellate court will not disturb the finding of the trial court in such cases, unless there is manifest error, we are of the opinion that the defendant has established by an overwhelming preponderance of the evidence the defense that the furniture and effects of the plaintiff were placed in the hall at his request and on his instruction, and that he subsequently removed them.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the defendant, dismissing plaintiff's suit at his cost.

Reversed.