## DELAUNE et ux. v. BELLINA.

### No. 16749.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1938.

Joseph F. Blasi, Jr., and Frederick J. Gisevius, Jr., both of New Orleans, for appellants.

·Ernest M. Conzelmann, and Nat B. Knight, Jr., both of Gretna, for appellee.

McCALEB, Judge.

The plaintiffs brought·this suit claiming that, on May 2, 1936, while they were in peaceful possession of the premises No. 524 Jung boulevard, Marrero, La., as tenants under verbal lease by the month from the defendant, Joseph Bellina, he, without their knowledge and consent, forcibly and illegally entered upon the demised property and proceeded to destroy and demolish part of the dwelling. They charge that, as a direct result of the wanton and malicious trespass, they have suffered grievous damage which they fix at the sum of $4,250.

The defendant admits that he leased the building owned by him to the plaintiffs by the month and likewise concedes that on April 30, 1936, he entered the premises for the purpose of demolishing the same: that he did, at that time, tear down the back porch and remove some of the weather boarding from the gable and side of the house, but he resists any liability in the case on the ground that the plaintiffs expressly consented to the destruction of the dwelling and that Mr. Delaune, as head of the household, had agreed to vacate the premises on the date on which defendant started this work. He further denied that the plaintiffs suffered any damages whatsoever as a result of his acts.

A trial was had on the foregoing issues and the district judge, after hearing the evidence, found in favor of the defendant and dismissed plaintiffs' suit. The latter have appealed from the adverse judgment.

■ The questions involved in this case are solely ones of fact, it being conceded by the defendant that, if he entered the demised premises, without the plaintiffs' knowledge and consent, and made alterations to the building which caused them damage, he is responsible as a trespasser. Lindsey v. Zibilich, La.App., 153 So. 341. It is likewise admitted by the plaintiffs that, if the defendant came upon the property with their knowledge and consent and if Mr. Delaune agreed with the defendant

that he would remove himself and his family from the dwelling on the day the demolishing work was begun, that in such case the defendant should be absolved. Scott v. Fabacher, La.App., 142 So. 212.

Inasmuch as the defendant confesses that he did certain demolishing work upon the building while the plaintiffs were occupying it, and seeks to avoid liability for these acts on the ground that they were done with the permission of Delaune and upon the latter's assurance to vacate the premises immediately, the burden was cast upon him to prove this defense to the satisfaction of the court.

In substantiation of his plea, the defendant testified as follows: That, during the month of October, 1935, he rented a half side of the premises here involved to the plaintiff, Delaune, by verbal lease from month to month for a consideration of $8.50 per month; that, at the time the lease was made, he notified the plaintiffs that the property was in a deteriorated condition and that it would be necessary, at some future date, either to demolish it or to have extensive alterations made; that Delaune accepted the premises notwithstanding its unsound condition; that the plaintiffs remained in possession of the same and that during the early part of April, he verbally notified Delaune to vacate the dwelling because he felt that it was so dilapidated as to be unsafe for plaintiffs' use. He further asserts that Delaune, upon being informed of his desire to have possession of the premises, agreed to vacate the house immediately; that about eight or ten days after Delaune had agreed to vacate, he repaired to the dwelling with two of his employees for the purpose of starting the demolishing work; that he found that Delaune and his family were still occupying the premises and that he asked Delaune to leave immediately so that the work could be started. He further says that Delaune told him, at that time, that it was all right for him to begin the work as he (Delaune) was moving from the house on that day and was expecting a truck to arrive which would move his furniture and other belongings out of the place.

The defendant's testimony is corroborated by Nelson St. Germain, Ross Ales, and Absalom Blanchard. St. Germain stated that he accompanied the defendant to the premises on the date the demolishing work was done and assisted in the performance thereof; that, upon their arrival at the house, Delaune was upon the porch and that the latter consented and authorized the work to begin and told the defendant, in the witness' presence, that he expected to vacate that day and was waiting for the moving truck. To the same effect is the testimony of the defendant's nephew, Ross Ales, who was present at the time.

Absalom Blanchard stated that he was present during the early part of April at the restaurant conducted by the defendant and heard the latter ask Delaune to move out of the house and that Delaune replied that he was going to move right away.

Against the foregoing statements of the defendant and his witnesses, we find only the unsupported denial of Delaune that any of these conversations took place. His testimony does not impress us. He contradicts himself in many particulars and in certain instances recants from the sworn allegations of his petition. For instance, in article 4 of plaintiffs' petition, it is alleged that the rent for the premises was paid punctually as it accrued and yet Delaune admitted that, at the time of the alleged trespass, he owed over a month's rent which he has never paid. Again, in article 5 of the petition, it is alleged that the defendant broke in the back door and entered the house but on the witness stand Delaune concedes that the defendant did not break into the dwelling. And again, the petition alleges that the demolishing work was done without the knowledge or consent of the plaintiffs but Delaune testifies that he was present at the time this work was done and did not even protest. When asked on cross-examination why he permitted, without objection, Mr. Bellina to tear down a portion of the premises in his presence, Delaune says that he did not want to have any trouble with the defendant and that "I thought it was best to go to the law with it."

A careful analysis of Delaune's testimony imbues the thought that he permitted the defendant to do the work he now complains of with the specific design of fomenting litigation. He claims that his furniture was greatly damaged by rain, which occurred the day after the work was started, and yet we find in the record no attempt on his part to minimize his loss. The district judge evidently did not believe his statement and we fully concur in his ruling on this question of fact.

It is unnecessary to consider the testimony of the other witnesses produced by the plaintiffs as none of them pretend to have been present at the time Delaune promised to vacate and permitted the defendant to do the work which is alleged to have caused the damage.

Being of the opinion that the defendant has proved that his entry upon the leased premises was not wrongful, but was made with the express consent and approval of the lessee, Delaune, the trial judge was correct in dismissing the plaintiffs' suit.

The judgment appealed from is therefore affirmed.

Affirmed.