LANSALOT v. MIHALJEVICH

(December 16, 1929.   Opinion and Decree.)

L. H. Perez and A. S. Cain, of New Orleans, attorneys for plaintiff, appellee.

O. S. Livaudais, of New Orleans, attorney for defendant, appellant.

JANVIER, J. · Plaintiff sues for rent in the sum of $750, claimed to be due on six notes of $125 each. Defendant admits the execution of the lease and notes, but resists payment on the claim that plaintiff, the landlord, during defendant's absence from the premises and from the city, took forcible possession and appropriated defendant's movable property, which was contained in the leased premises, and which was worth $1,400.

In his testimony defendant admits that, at the time of the forcible entry by the landlord, three of the rent notes were matured and unpaid.

This . default, the landlord claims, matured all of the remaining notes, and gave him the right to seize the contents of the premises. He is quite right in this contention, but quite wrong in his assumption that he could, without the assistance of legal process, break into the property. Pelletier vs. Sutter et al., 10 La. App. 662, 121 So. 364. Certainly he had no right to appropriate defendant's movables, whatever may have been their value.

At the time of the occurrence of the default two courses were open to plaintiff. Under the terms of the lease he could have brought suit for the whole amount of the rent due and to become due, and could, by legal process, have caused the contents of the premises to be seized and sold. The other course which he could have followed would have required that he bring suit only for the amount due, cancel the lease for the balance of the term, and cause the contents to be sold and the proceeds devoted ·to the payment of the rent which had matured. By his action in breaking into the property and forcibly taking possession of it, he indicated his intention of terminating the lease at that time and therefore, by his own action, fixed the amount of rent due at $375, which was the total of the matured notes.

By breaking into the premises and by forcibly taking possession of defendant's movables, he (the landlord) made himself liable for such damage. as was sustained by the defendant.

Just what this damage amounted to is difficult to ˙ determine. We find it hard to believe, after a reading of the testimony, that the contents were worth as much as defendant claims, but it appears from the testimony of the landlord himself that he knew that a tentative arrangement had been made by defendant to sell the movables for $800. It is true that this deal; was not consummated, but it seems to establish the fact that the movables were worth at least more than $375, which is· sufficient to offset the claim of the landlord on the notes. We therefore believe that the claim of the defendant that the damage caused him at least offsets the amount of his debt to plaintiff has been established.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant and against plaintiff, dismissing plaintiff's suit at his cost.