## AUTOMOBILE SEC. CORPORATION v. NEMO et al.*

### No. 14163.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1932.

Stanley McDermott and Geo. S. Graham, both of New Orleans, for appellant.

Marion J. Epley, Jr., of New Orleans, for appellee.

HIGGINS, J.

This is a suit on a promissory note against the defendants, in solido, to recover an alleged balance of $152.81, with interest at the rate of 3½ per cent. per month from August 31, 1931, until paid. The defendants admit the signing of the note and that the plaintiff is the holder and owner of the note before maturity, but interpose two defenses: First, that the note was issued without a valuable consideration; and, second, that the plaintiff violated sections 13, 14, and 18 of Act No. 7 of the Extra Session of the Legislature of the year 1928, known as the Small Loan Act, by contracting for interest, discounts, and charges in excess of those permitted by the provisions of the said act, and that, because of the said violation, the entire contract of loan is void and the plaintiff is without any right to collect or receive either the principal or interest thereof.

There was judgment in favor of the plaintiff against the defendant Nemo, the maker of the note, for the sum of $137.81, with 3½ per cent. interest per month from August 31, 1931, until paid, and all costs of court, but dismissing the suit as against the other defendant. The defendant Nemo has appealed. The plaintiff has answered the appeal and asked that the judgment be amended so as to allow the full amount prayed for and also so as to hold the codefendant liable.

As the plaintiff did not appeal from the judgment dismissing the suit as to the codefendant, that party is not before us, because an answer to the appeal by the plaintiff cannot bring the other solidary obligor, who has won in the lower court, before the appellate court.

The record shows that the plaintiff is licensed to do business in the state of Louisiana, as a finance company, making loans where the legal rate of interest is not to exceed 8 per cent., and also to do business under the provisions of Act No. 7 of the Extra Session of the Legislature of 1928, known as the Small Loan Act, which permits the licensee to charge a rate of interest of 3½ per cent. per month on loans up to $300.

The defendant Nemo, on July 15, 1930. borrowed from the plaintiff the sum of $50 and signed therefor a note for $55, bearing 8 per cent. interest from maturity, or August 15, 1930. On July 19, 1930, he borrowed the sum of $100 from the plaintiff, signing a note for the sum of $110, with interest at 8 per cent. per annum from maturity, or August 19, 1930. On July 25, 1930, Nemo borrowed the sum of $100 from the plaintiff and signed a note for $100, bearing interest at the rate of 8 per cent. per annum from maturity, or August 25, 1930. On August 11, 1930, Nemo paid on account of the $55 note the sum of $15, but made no further payment on any of them, on account of either the principal or interest. On August 27, 1930, he signed a note for the sum of $265, payable in installments of $100, with interest at the rate of 3½ per cent. per month, beginning on September 27, 1930, and the same sum, together with interest, at the same rate on the unpaid balance of the principal sum, on the 27th day of each consecutive month thereafter, until the full amount of the note would have been paid. Nemo did not receive any cash for the execution of this note, and the plaintiff's witnesses testified that the $265 note was issued in lieu of the three previous notes, which, on their face, aggregated $265. The three old notes were marked with lead pencil "renewed with new note" and kept in the files of the plaintiff. Nemo pledged as collateral security on the new note certain open accounts aggregating $1,100 which were due him, and the plaintiff collected the gross sum of $226 on account thereof, or a net sum of $187.80, the difference having been charged against Nemo as a collection expense, which was paid to third parties, and the net return was credited as follows: $74.80 to interest and $113 to the principal, thereby leaving still due plaintiff on account of the note of $265 the sum of $152.81, the sum sued for.

We shall take up the defenses in inverse order and consider whether or not the evidence shows that the plaintiff violated the provisions of Act No. 7 of the Extra Session of 1928, and particularly sections 13, 14, and 18 thereof.

Counsel for plaintiff first argues that we should not consider this defense because the averments of the answer are not sufficiently definite and certain to admit the introduction of evidence thereunder, but we believe, as our brother below did, that the defendants' answer sufficiently informed the plaintiff that the defendants would seek to have the entire loan declared null and void and uncollectible for violation of the provisions of the act in question for charging interest, discount, or charges in excess of what the law permitted.

The plaintiff's attorney also seeks to justify the failure of the plaintiff to credit the defendant Nemo's payment of $15 on account of the note of $55 on the ground that the company had advanced Nemo $14.06 on another occasion, but again we find, as our brother below did, that the testimony of the president of plaintiff company on this score is not sufficient to show an additional loan of $14.06, because the witness stated that he did not know what the amount of $14.06 represented and that the court would have to get that information from the bookkeeper, who failed to corroborate the president of the company. The testimony of the bookkeeper proved that the defendant Nemo did make a payment of $15 on August 11th, which should have been credited on account of the note of $55 and that this was not done.

The evidence offered by the plaintiff also proves that the defendant received the sum of $250 cash for signing the three notes of $55, $110, and $100, respectively, between the dates of July 15 and July 25, 1930. All of these notes bore interest at the rate of 8 per cent. per annum and, allowing the plaintiff full credit for all interest earned on these notes, it would amount to less than $5, but the aggregate of those notes is $265, or $15 more than the cash received by the defendant for signing them. Therefore there was an additional charge for discount of at least $10 incorporated into the face of two of those notes, i. e., the $55 and $110 notes. Now, when the note of $265 was executed on August 27, 1930, it was to cover the three previous notes, and this discount of $10 was included in the face of that note, with the result that defendant Nemo, not only contracted to pay the plaintiff the sum of $10 as a discount, but also 3½ per cent. interest per month thereon, because the $10 discount was included in the face of the note. Furthermore, as the defendant Nemo, on August 11, 1930, had paid the sum of $15 on account of the $55 note, and was not given credit therefor, this $15 was likewise included in the face of the $265 note, with the result that he was required to pay interest thereon at 3½ per cent. per month.

Sections 13, 14, and 18 of Act No. 7 of the Extra Session of 1928 read, respectively, as follows:

"Every person, co-partnership and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of Three Hundred Dollars ($300.00), and may charge, contract for and receive thereon interest at a rate not to exceed three and one-half (3½) per centum per month. Interest shall not be payable in advance or compounded and shall be computed on unpaid balances. In addition to the interest herein provided for, no further charge or amount whatsoever for any discount, examination, service, brokerage, commission or other thing or otherwise shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out.

by the licensee to any public officer for the filing or recording or releasing in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. Interest, discount or charges in excess of those permitted by this Act shall not be charged, contracted for or received, and if any such shall be charged, contracted for or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever."

"Section 14. Every licensee shall:

"Deliver to the borrower at the time a loan is made a statement in the English language showing in clear and distinct terms the amount and date of loan and of its maturity, the nature of the security, if any, for the loan, the name and address of the borrower and of the licensee, and the rate of interest charged. Upon such statement there shall be printed in English a copy of Section 13 of this Act;

"Give to the borrower a plain and complete receipt for all payments made on account of any such loan at the time such payments are made;

"Permit payment of the loan in whole or in part prior to its maturity with interest on such payment to the date thereof;

"Upon repayment of the loan in full mark indelibly every paper signed by the borrower with the word 'paid' or 'cancelled' and release any mortgage, restore any pledge, cancel and return any note, cancel and return any assignment given by the borrower as security."

"Section 18. No person, co-partnership or corporation, except as authorized by this Act, shall directly or indirectly charge, contract for or receive any interest, discount, or consideration greater than eight (8) per centum per annum upon the loan, use or forbearance of money, goods or things in action, or upon the loan, use or sale of credits, of the amount or value of Three Hundred Dollars ($300.00) or less.

"The foregoing prohibition shall apply to any person who as security for any such loan, use or forbearance of money, goods, or things in action or for any such loan, use or sale of credit, makes a pretended purchase of property from any person and permits the owner or pledgor to retain the possession thereof, or who by any device or pretense of charging for his services or otherwise seeks to obtain a greater compensation than is authorized by this Act.

"No loan for which a greater rate of interest, discount, or charge than is allowed by this Act has been contracted for or received, wherever made, shall be enforced in this State, and every person in any wise partici-

pating therein in this State shall be subject to the provisions of this Act."

It is plain that the retention of the three notes by the plaintiff and merely marking them with a lead pencil "renewed with new note" is in violation of the provisions of section 14, which required the company, when the note of $265 was issued on August 27, 1930, to indelibly mark them canceled, or paid, and to return them to the borrower.

Plaintiff also violated the provisions of section 14 in not issuing to the borrower a plain and complete receipt for the sum of $15, which was to be credited on account of the note of $55.

The plaintiff also violated the provisions of sections 13 and 18 of the act by adding to the face of the note of $265 on August 27, 1930, the sum of $10, which represented the discount that was originally charged in connection with the three previous notes, and then charging 3½ per cent. interest per month on the $10 discount and, also, the $15 credit.

Having come to the conclusion that the plaintiff violated the provisions of the act in the respects and ways above set forth, the provisions of section 13 of the act in question require the court to declare the loan null, void, and uncollectible, in principal and in interest, and any other charges whatsoever.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the defendant Abraham Nemo, dismissing plaintiff's suit at its cost.

Reversed.