## LINDSEY v. ZIBILICH.
### No. 14642.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

Legier, McEnerny & Waguespack, of New Orleans, for appellant.

J. A. Woodville, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a tenant against a landlord to recover the sum of $300 for damages alleged to have been sustained as a result of a trespass committed by the landlord on March 30, 1933, in removing certain doors and window screens from the leased premises and disturbing some of plaintiff's furniture and cursing and abusing members of his family.

Defendant denied that the premises had been leased to the plaintiff, and averred that they had been rented to his mother at a weekly rental of $3.50, payable in advance, that he did not curse and abuse any one, or disturb the plaintiff's furniture, but admits that he did remove the front, rear, and interior doors, and the window screens, in order to prevent the occupants of the house from destroying or damaging them, as the tenant was three months in arrears on the rent and was about to move, having been served with notice to do so.

There was judgment in favor of the plaintiff for the sum of $150, and defendant has appealed. Plaintiff has answered the appeal and asked that the award be increased to the full amount prayed for.

The evidence is conflicting as to whether or not the premises were rented by the defendant to the plaintiff or to his mother, but, the trial judge having resolved that issue in favor of the plaintiff, we see no reason to disturb his finding.

The defendant denies that he cursed and abused any one and that he interfered with the plaintiff's furniture, and the only evidence offered by the plaintiff on that score tended to show that a mattress had been pulled from one of the beds and put on the floor without any damage being done thereto.

Defendant has admitted removing the doors and the window screens. His only excuse for doing so was because the tenant was in arrear in the payment of the rent and was expected to move from the premises and that he feared the occupants of the dwelling might spitefully damage or remove the doors, as a previous tenant had done under similar circumstances.

The evidence convinces us that defendant's primary purpose in removing the doors

and window screens was to force the plaintiff and the members of his family to vacate the premises without resorting to legal process. In doing so he trespassed upon the plaintiff's rights and is liable in damages therefor. The law provides a summary manner in which the landlord may eject the tenant who has failed to pay rent when due, and there is no necessity for the landlord taking the law in his own hands. Act No. 55 of 1926.

■ The damages awarded were for the invasion of the plaintiff's rights by defendant and in causing him inconvenience and humiliation. Plaintiff contends that the amount awarded is inadequate, and defendant argues that it is excessive. The testimony shows that the removal of the doors caused plaintiff considerable annoyance on account of adverse weather conditions. We have concluded that the sum allowed is reasonable and fair. There were no aggravating circumstances because the evidence does not convince us that the defendant cursed or abused the plaintiff, or any member of his family, or that he acted maliciously. Washington v. Singer Sewing Machine Co., 10 Orleans App. 270; Greenlee v. Singer Sewing Machine Co., 10 Orleans App. 271.

The judgment appealed from is affirmed.

Affirmed.