## SLUSH v. CARRACCE et al.

### No. 14795.

Court of Appeal of Louisiana. Orleans.

April 23, 1934.

Theo. H. McGiehan, of New Orleans, for appellant.

Weiss, Yarrut & Stich, of New Orleans, for appellees.

HIGGINS, Judge.

This is a suit by a vendee against his vendors for the return of a mule, wagon, and a peddler's license alleged to have been illegally repossessed by them and for damages against the defendants in solido for the unlawful invasion of his rights without legal process, and also for actual damages sustained by the deprivation of the use thereof. In the alternative plaintiff prays that there be judgment in his favor condemning the

defendants, in solido, to pay him the sum of $72 (the amount paid on account of the purchase price) with legal interest from judicial demand until paid, in the event the said movable property is not returned in accordance with the award of the court.

Defendants admit the sale and repossession of the property, but aver that the plaintiff was then in arrear in the payment of the installment due of $15 and voluntarily surrendered the horse and wagon until such time as he could pay the balance due of $40, and claiming, in reconvention, the said balance of $40, together with an additional $38, the alleged cost of maintaining and feeding the mule at a rate of $1 per day.

There was judgment in favor of the plaintiff ordering the return of the mule, wagon, and license within ten days therefrom, and, in default thereof, condemning the defendants, in solido, to pay unto the plaintiff the sum of $72 and dismissing the reconventional demand. Plaintiff alone has appealed and defendants have not answered the appeal.

The record shows that the defendants, Mr. and Mrs. Anthony Carracce, were the owners of a mule and wagon and a 1933 city peddler's license. On July 14, 1933, they agreed in writing to sell the same to the plaintiff for the sum of $110, $70 in cash and the balance to be paid as follows: $15 on the 1st of August and the remainder in installments of $5 each week.

On July 31, 1933, the parties executed a sale in writing, without warranty, of the said movable property for the sum of $110, $70 in cash and the balance, $40, payable $15 a month.

The license had been issued by the city of New Orleans to Ernest Richards and on its face was stamped, "Not transferable." While the plaintiff was engaged in the business of peddling, a license inspector of the city took the license from plaintiff's wagon on the ground that it was not transferable and had been defaced and issued to him a five-day permit in order to give the plaintiff an opportunity to straighten out the difficulty at the license department of the city. Plaintiff complained to the defendants about the matter, and Mrs. Carracce attempted to adjust it and had the license returned to her, but thereafter the plaintiff was again arrested and she succeeded in having him paroled; but again he was arrested, and this time it was necessary to employ counsel to get him out of jail.

On August 10th the plaintiff's attorney demanded from the defendants a license under which his client could carry on his vocation. Defendants insisted that the license sold was valid and that the plaintiff had the right to operate under it. It seems that officers in charge of the license department felt that the attempted transfer was illegal and, as a result, the plaintiff was deprived for a time of an opportunity of selling his wares. However, on August 18, 1933, the city attorney's office ruled that under the express provisions of Act No. 240 of 1918 the license was transferable.

In the meantime the defendants prodded the plaintiff for payment on account of the balance due, predicating the demand upon the agreement to sell of July 14, 1933, which provided that an installment of $15 would be due on the 1st of August. In response to this demand plaintiff, on August 10, 1933, paid the sum of $2, leaving a balance of $38. On August 11, 1933, the defendants met the plaintiff while he was driving his mule hitched to the wagon, and questioned him about payment of the installment that they claimed was due, and, upon plaintiff replying that he was unable to make the payment, the mule and wagon were taken by them; defendants contending that plaintiff voluntarily surrendered them, and plaintiff stating that they took the property against his wishes and without his consent.

The testimony of the plaintiff and his two witnesses in respect to the above incident tends to establish that defendants demanded either the money or the return of the mule and wagon, and that Mrs. Carracce got on the wagon and had the boy, who assisted the plaintiff in peddling, to drive to defendants' home.

Defendants testified that the plaintiff was delinquent in paying the balance due on the purchase price and that, after repeated demands for payment, they finally met him on the street, and, after admitting his inability to pay, plaintiff suggested that defendants take the mule and wagon and keep them until he could pay the balance due to them, and that they carried out plaintiff's suggestion.

Defendants also produced a witness, Harry Lutz, who testified that he was an inspector for the city license bureau, and that after Mrs. Carracce interceded in behalf of the plaintiff about the license, he returned it to her; that he and the other officials connected with the license bureau were under the impression that the license was not transferable, and it was so stamped across the face at the time it was issued; that this erroneous impression of the law was finally corrected by

the city attorney in a written opinion dated August 18, 1933, wherein he cited the provisions of Act No. 240 of 1918, which expressly provided that the license was transferable; that thereafter, notwithstanding the plaintiff's demand through his attorney that the license be returned to plaintiff, the defendants refused to return it until the delinquent installment due on account of the purchase price was paid.

It is clear that the plaintiff was incarcerated as a result of the erroneous conception of the inspector as to the law governing the transfer of licenses. Consequently defendants cannot be held liable for anything that the city authorities might have done under the mistaken belief that the license was nontransferable. However, on August 18, 1933, the matter was clarified, so that it is conceded that thereafter the plaintiff would have been permitted to operate under the license in question but for the refusal of the defendants to return the license to him until the supposed delinquent installment of $15 was paid. The retention of the license was entirely illegal and had the effect of preventing plaintiff from pursuing his modest business. Their conduct in respect to the license is a good index as to their attitude towards plaintiff's possession of the mule and wagon when they believed that he was in arrear in his payments. There is no doubt that at the time the defendants made demand for the payment of the $15 installment it was not legally due under the terms of the sale of July 31, 1933, because they failed to incorporate therein the provision contained in the agreement of sale dated July 14, 1933, to the effect that the installment of $15 would become due on August 1, 1933. It is well established, where the preliminary agreement is not finally incorporated into the final agreement, that the provisions of the final contract are to govern. Therefore the installment did not become due until September 1, 1933. We can well understand how an illiterate and uninformed person might have become confused and concluded that the installment of $15 was due on August 1, 1933, because it was so provided in the agreement of sale dated July 14, 1933. We are convinced that defendants honestly believed that plaintiff was in arrear and endeavored to collect the money from him. However, their diligence in that respect exceeded the bounds of legal propriety, because their own evidence establishes the fact that they deliberately held the license from him in order to force him to pay what they believed was then due.

Counsel for defendants points out that there was no commotion or disturbance at the time the plaintiff surrendered the property to the defendants and that the negro boy who assisted him on the wagon drove the mule and wagon to the defendants' home as an indication that the matter had been amicably settled by the plaintiff voluntarily turning them over to the defendants.

Under ordinary circumstances this line of reasoning would be very persuasive, but in the instant case the defendants' evidence establishes the fact that they were convinced that they had a right to withhold the license until he had paid the installment due on his civil obligation. Furthermore, the negro had been arrested twice before August 11, 1933, the day that the mule and wagon were taken from him, and, consequently, he was not disposed or prone to raise any disturbance for fear of getting into deeper difficulty.

We are convinced that the defendants took the law into their hands in illegally retaining the license which belonged to the plaintiff and subsequently, against his wishes and consent, took his property, which consisted of the mule and wagon, without resorting to legal process. Consequently they are liable in tort for this invasion of his legal right. We fix the damages therefor at the sum of $25. Lindsey v. Zibilich, 153 So. 341, decided by this court March 12, 1934.

The unsupported statements of the plaintiff as to what his average net profit was in connection with his claim for actual damages are so general and vague that we find them to be insufficient to justify an award in his favor therefor. Therefore this item is denied.

We note, in the judgment allowing the $72, that the trial court inadvertently failed to provide for interest, and we shall also correct this error.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by allowing legal interest on the sum of $72 awarded, from judicial demand until paid.

It is further ordered, adjudged, and decreed that the judgment appealed from be amended by awarding judgment to plaintiff, Harry Slush, and against the defendants, Mr. and Mrs. Anthony Carracce, in solido, for the further sum of $25, with legal interest from judicial demand, until paid. In all other respects the judgment is affirmed. Defendants to pay the costs of both courts.

Judgment amended.