## ROBINSON v. BONHAYE.
### No. 17265.

Court of Appeal of Louisiana. Orleans.

April 22, 1940.

Rehearing Denied May 6, 1940.

Chas. J. Mundy, of New Orleans, for appellant.

Appellee unrepresented.

JANVIER, Judge.

Ella Robinson, a widow, seeks recovery of damages from H. C. Bonhaye, alleging that, though she was a tenant of Bonhaye in the property numbered 1519 Baronne Street in this city, the said Bonhaye, defendant, without cause and without resorting to legal process, in effect ejected her by ordering her to leave and by taking out two of the window sashes and a door, thus rendering the premises uninhabitable. She charges that, as a result of his illegal action, it became necessary for her to close up the opening left by the removal of the window sashes by placing against it a "chifferrobe", but that, nevertheless, because of the cold air which entered through the opening, she contracted "a heavy cold" and was ill for a period of two weeks.

The defendant filed no answer and was not represented at the trial in the court below. There was judgment for defendant as in case of nonsuit; and plaintiff has appealed.

In his reasons for judgment the trial judge said: "The court, after hearing this matter and seeing the witnesses is not in position to fix the amount to be rendered, if any amount should be set."

It is well settled that a landlord. has no right to take the law into his own hands and to forcibly eject. a tenant, or render the leased premises uninhabitable. Lindsey v. Zibilich, La.App., 153 So. 341; Lansalot v. Mihaljevich, 12 La.App. 174, 125 So. 183; Rogers v. Wood, 7 La.App. 637.

Plaintiff states that the furniture which she used to block the openings was severly damaged and that this particular piece of furniture had cost $45. She added that it had a value of $45 at the time it was damaged. She also states that certain window shades were damaged and that they were valued at $1.25 apiece.

Concerning her health, her testimony is that she contracted a severe cold and was required to spend $2 for medicine, but "didn't have any doctor".

Though she asks for $300, we are unable to state that she has suffered any serious loss, though unquestionably she is entitled to some amount to compensate her for the annoyance and humiliation and for such slight actual damage as she sustained. We think $50 should amply compensate her for these items.

In certain instances in the record we find defendant's name given as "Bonhage", though in most instances he is called "Bonhaye".

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, Ella Robinson, and against H. C. Bonhaye, defendant, in the sum of $50, with legal interest from judicial demand, and for all costs.

Reversed.