## VOGT et al. v. JANNARELLI et al.
### No. 17447.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1940.

Claude L. Johnson, of New Orleans, for appellants.

Raymond H. Kierr, of New Orleans, for appellees.

McCALEB, Judge.

The plaintiffs, Mr. and Mrs. Otto Vogt, brought this suit against the defendants, A. B. Jannarelli and Anna Newman, seeking the recovery of damages they allegedly sustained as the result of certain acts of trespass committed by the defendants which deprived them of the undisturbed and peaceable possession of their home.

In their petition, plaintiffs allege, in substance, as follows: That, from the month of September 1937, until March 18, 1938, they were the lawful occupants of the

premises designated as Apartment J of a certain Apartment House bearing municipal number 1319 Carondelet Street in the City of New Orleans, having rented the same under verbal lease from the defendant, A. B. Jannarelli; that on March 8, 1938, while they were in the peaceful possession of the apartment aforesaid, the defendants, without cause, disconnected the water supply of the apartment; that on the same day, defendants disconnected the electric switch or meter which supplied electrical current to the apartment; that on March 13, 1938, the defendants disconnected the gas supply of the apartment, and that the foregoing acts of the defendants were done wilfully with the express and malicious design of causing harassment, embarrassment, inconvenience and discomfort to them and in violation of their vested right to the peaceful possession of the leased property. Plaintiffs further allege that, in addition to the foregoing illegal acts, on March 16, 1938, at about ten p. m., the defendants invaded their apartment by breaking and prying open a kitchen window and that, as a result of said illegal trespass, they experienced great fright and severe nervous shock. It is further averred that, because of all of these unlawful acts, the plaintiff, Mrs. Vogt, has been damaged in the sum of $1,750 and that Mr. Vogt has sustained damages amounting to $1,250.

In due course, the defendants appeared and filed exceptions of no right or cause of action to the plaintiff's petition which were overruled by the trial judge. They thereupon filed their answer in which they admitted that the plaintiffs were the lawful occupants of the premises as alleged but they denied that they had committed any of the acts complained of or that they were responsible to the plaintiffs for the damages claimed.

After a trial of the case on its merits, there was judgment in the district court in plaintiffs' favor against the defendant, A. B. Jannarelli, for damages in the sum of $300. Plaintiffs' suit as to the defendant, Anna Newman, was dismissed. The defendant Jannarelli has prosecuted this appeal from the adverse decision and the plaintiffs have answered the appeal asking that the award in their favor be increased and also that their claim against the defendant Anna Newman be allowed.

■ At the outset, we direct our attention to that part of the plaintiffs' answer to the appeal in which they maintain that the judgment of the district court in favor of Anna Newman should be reversed. Plaintiffs cannot confer upon this court appellate jurisdiction over the judgment in favor of Anna Newman by such procedure. The only method by which they can bring before us the question of the correctness of that judgment is by a separate appeal. See Rumpf v. Callo, 16 La.App. 12, 132 So. 763, Automobile Sec. Corp. v. Nemo, La. App., 144 So. 269 and Thalheim v. Suhren, 18 La.App. 46, 137 So. 874. Therefore, since the plaintiffs have failed to appeal from the judgment dismissing Anna Newman from the case, the only questions presented for our determination relate to the liability of the defendant Jannarelli and as to whether the judgment against him is excessive or inadequate.

Counsel for Jannarelli preliminarily contends that the district judge erred in overruling the exception of no right or cause of action which was addressed to plaintiffs' petition. He maintains that the exception is well founded because the claims of the plaintiffs arise out of a violation of a contract of lease and that the plaintiff, Mrs. Vogt, is obviously without any right to sue for such violation as only her husband, as head and master of the community, is vested with the right of action. He also contends that plaintiffs' petition clearly shows that the claims for damages are strictly of a punitive nature growing out of the unlawful acts committed by Jannarelli and that since, under our law, punitive damages will not be allowed in a civil action for trespass, the plaintiffs are without a remedy.

■ A reading of the petition demonstrates that the contentions made by defendant's counsel are unsound. In the first place, we cannot interpret plaintiffs' allegations to mean that they are suing on a contract of lease. They merely allege that they rented the premises from Jannarelli for the purpose of showing that they were in the lawful possession of the apartment and that Jannarelli, in violation of the obligation he owed to them, trespassed, invaded and disturbed them in their use of the property. It is patent that it makes no difference that the defendant Jannarelli was lessor of the property or whether he was a total stranger because, in either case, if he committed the trespasses upon the private rights of the plaintiffs, he would

be liable to them for the consequences of his acts under Article 2315 of the Civil Code.

■ The argument of defendant's counsel that plaintiffs' petition does not state a cause of action, because they have alleged that Jannarelli maliciously invaded their home, is equally untenable. This contention merely addresses itself to the elements of legal damage suffered by the plaintiffs and not to their cause of action. While it is true that punitive damages will not be allowed, compensatory damages are always recoverable.

Disposal of the defendant's exception brings us to a discussion of the facts of the case. Mr. and Mrs. Vogt both testify that, at the time the premises were rented from Jannarelli, he agreed to furnish them with water. They assert that, on or about March 8, 1938, the defendant caused the Sewerage and Water Board of New Orleans to disconnect the water and, as a result, they were compelled to borrow water from their neighbors for a period of approximately ten days or until March 18th when they vacated the premises. They also testify that, on March 8th, Jannarelli cut off their electric light service by pulling the switch of the meter which was situated in a part of the building to which he alone had access and that, as a consequence, they were compelled to use candles for lighting purposes. They further say that, on or about March 13th, Jannarelli employed a plumber named Campbell to disconnect the gas pipes supplying their apartment and that they were deprived of gas for heating and cooking purposes from that time until the day they vacated the premises. They further state that the co-defendant, Anna Newman, at the instance of the defendant, Jannarelli, broke into their premises on March 16, 1938.

The evidence of the plaintiffs, with respect to the cutting off of their water supply, is corroborated by Mr. F. L. Leaumont, an employee of the Sewerage and Water Board of New Orleans. Their evidence as to the disconnection of their electricity is supported by the testimony of Mr. A. J. Plaisance, the outdoor service man of the New Orleans Public Service, and Edward W. Campbell, the plumber who disconnected plaintiffs' gas supply, testified that he did so at the request of Jannarelli.

The evidence of Jannarelli is not helpful to his case. At first, he denied that he committed any of the trespasses of which the plaintiffs complain, but later, on cross-examination, he practically conceded that he perpetrated the tortuous acts as he believed it was the only way that he could force the plaintiffs to vacate the apartment which they were occupying. His story is that, during the month of December, plaintiffs had fallen in arrears in their rent; that they would carouse each night on drunken parties and that he wanted to get rid of them. Instead of using the methods provided by law to obtain possession of the apartment, he cut off plaintiffs' water, lights and gas, thereby forcing them to vacate the premises on March 18, 1940.

■ There can be no doubt but that, under these circumstances, plaintiffs are entitled to recover for the damages they suffered as a result of the unlawful invasion of their rights by the defendant Jannarelli. Counsel for defendant, however, says that the damages suffered by plaintiffs, if any, are meager because the plaintiffs are police characters and that, therefore, the humiliation and inconvenience endured by them must have been insignificant.

Counsel for plaintiffs, on the other hand, argues that the award of the district judge of $300 is inadequate and that, in other cases of the same nature, greater amounts have been permitted.

■ A careful examination of the evidence has convinced us that the award of the district court is neither excessive nor inadequate. We have often said that, in fixing the damages to be given in cases of this type, no exact formula or gauge can be used. In the present instance, we feel that the judgment granted by our Brother below is not only in keeping with the jurisprudence but represents a fair and just amount of compensation to the plaintiffs for the inconvenience, humiliation and suffering they endured.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.