In this suit Thomas Preston Walsh claims $5,030 from Arthur B. Bush, his landlord, as damages because of certain illegal acts described in his petition.
[1] The case was tried in the Civil District Court and resulted in a judgment of $25 in plaintiff's favor. An appeal was prosecuted to the Supreme Court and was, by that Court, transferred here because "it clearly appears that plaintiff has grossly inflated his claim and that we have no jurisdiction." When the case reached this court counsel for the defendant landlord argued that we did not necessarily possess jurisdiction because the Supreme Court had referred it to us and suggested, though no formal plea challenging our jurisdiction was presented, that it was a matter of discretion with us to decide whether we would entertain jurisdiction of the case or not. We can not agree with counsel. The action of the Supreme Court in declaring that it had no jurisdiction, and referring the case to us, is a clear holding that we did have jurisdiction. Moreover, in Section 29 of Article VII of the Constitution of 1921, we read:
"The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts."
Plaintiff, in his petition, alleges that he rented one-half of a double cottage, known by the municipal number 315 Broadway, New Orleans, from the defendant Bush, on a verbal lease at a rental of $25 per month, payable monthly, at the end of the month, which lease included a garage located in the yard of the other half of the double cottage; that he occupied the premises continuously from September 1, 1938, to August 1, 1942, without interference by his landlord; that on July 17, 1942, defendant objected to certain flower pots which were located on his front gallery and that, without his consent, Bush removed one of the large pots causing it to break and scatter its contents without taking the trouble to clean it up; that on August 4, 1942, defendant arbitrarily placed a padlock on the garage and prohibited the plaintiff from using it; that on August 27, 1942, defendant took a rule for possession of the leased premises in the First City Court of New Orleans based upon the alleged failure of plaintiff to pay his rent in advance for the month of August, whereas, under the terms of his lease, plaintiff was not obliged to pay the rent until the end of the month; that the rule for possession was dismissed; that the defendant knew the allegations contained *Page 191 
in the rule were false and that the only reason for taking the rule "was to harass and annoy your petitioner for the purpose of causing him to move from the rented premises"; for all of which the plaintiff claims $5,030.
As previously stated there was judgment in the district court in favor of plaintiff in the sum of $25 and plaintiff alone has appealed. The defendant contents himself with saying that the amount awarded below is generous.
[2,3] In our opinion the charges made in plaintiff's petition have been sustained by the evidence. This was evidently the conclusion of the trial court. However, the amount awarded plaintiff is, in our opinion, inadequate. The forcible ejection of plaintiff from the garage which the defendant padlocked, the breaking of the flower pot, and the bringing of the unfounded suit for eviction upon the ground that plaintiff had failed to pay his rent, all indicate an intrusion into the possession of the plaintiff, defendant's tenant. Vogt et al. v. Jannarelli, 198 So. 421.
In the Vogt case we allowed the plaintiffs to recover $300 because the landlord caused the water, gas and electric supply to be shut off for a period of ten days. In the instant case the landlord's disturbance of the tenant's possession was, at least, as objectionable as in the Vogt case, consequently, and
For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff from $25 to $300 and as thus amended it is affirmed.
Amended and affirmed.