McBRIDE, Judge.
; In this suit, Lorraine Barrios seeks to recover from defendant damages for embarrassment, humiliation, and inconvenience suffered as a result of having been forcefully evicted from a furnished apartment at 622 Esplanade Avenue, on October 1, 1949, at about 3 :00 a. m.
There was judgment in the First City Court of New Orleans in favor of plaintiff for $200, from which the defendant appeals.
Plaintiff’s husband rented the apartment from defendant at a monthly rent of $60 payable in advance, and there i-s no dispute that at the time of the alleged occurrence the rent had been paid through October 8, 1949.
From the evidence it appears that the domestic affairs of plaintiff and her husband, a young couple who had been married about a year, were anything but harmonious. On several occasions Barrios beat his wife, and she thought it sometimes necessary to take refuge in the apartment occupied by -defendant and his wife. After an altercation with her husband on the preceding afternoon, plaintiff ran to defendant’s apartment where -she remained until about 6 :00 p. m., after which she proceeded to her own apartment, stating that she intended to go to bed, but instead of retiring she left the premises some time later.
The Bangos say that about 1:00 a. m. they heard a commotion outside, and upon raising their window and looking out they saw plaintiff and her' husband, and that the couple left the vicinity of the apartment house then.
It is agreed that plaintiff returned to the apartment building at three o’clock in the morning. She testified that Bango, who was waiting at the head of the , stairs, immediately inquired where she had been, and demanded the keys to her apartment. Plaintiff states that upon his demand for the keys she turned them over to Bango, who let her into her apartment to obtain a pair of shoes before she left.
The Bangos testified that they were both waiting at the head of the stairs, and that Bango -stated-to plaintiff, "Now I know who is the cause of all this trouble, * * * I can’t have you here, tomorrow you will have to get a place or I’ll have you put out by the court.” Mr. and Mrs. Bango both insist that plaintiff admitted that she had been the cause of all the trouble, and that Bango told her, “Alright, you don’t have to move tonight but get your stuff out tomorrow.” They claim that plaintiff told them, “You’re .right, I’ll move now, here’s the keys.”
The only belongings which the tenants had in the apartment were their linens, clothing, dishes, and some other personal effects. Plaintiff claims that she returned a few hours after daylight and found that her effects had been removed from the apartment, some having been put into a garbage can, and that she found her clothing *581 and other effects in boxes in the hall. Bango, on the other hand, declares that he removed nothing from the apartment except at the request of plaintiff, who asked his assistance in removing her belongings.
It will be thus seen that plaintiff’s testimony as to what happened is diametrically opposed by the testimony of the Ban-gos, but the trial judge, as reflected by his written reasons for judgment, concluded that plaintiff’s testimony was the most worthy and entitled to belief, and we are unable to perceive any error in the judgment.
Undoubtedly, the continual disturbances caused by the young couple were exasperating and vexatious to Bango, and we believe that on the morning in question he peremptorily demanded of plaintiff the return of the keys, and that he removed her personal effects from the apartment, notwithstanding that her rent had been paid through October 8, 1949. The. fact that Bango waited at the head of the stairs for the return of his tenant indicates clearly to our minds that he was angry and that he was determined to get rid of plaintiff, who had been causing disturbances in the apartment house. The action of the defendant amounted to a forceful ejectment. No matter how grave the cause for such action, it is not the policy of the law to condone frontier justice. If the landlord had any grievance against his tenants, he should have abstained from illegally re-entering his property and sought the proper recourse in the courts.
We know of no reason why a tenant’s wife, who is illegally evicted from leased premises, does not have a claim against the landlord for her humiliation, embarrassment, and inconvenience. Certainly defendant’s course of conduct amounted to an invasion of plaintiff’s illegal rights.
The judgment, which awarded plaintiff $200, does substantial justice and is in line with awards made by this court in similar cases.
The judgment appealed from is affirmed.
Affirmed.