JANVIER, Judge.
This acrimonious litigation results from the leasing for residential purposes of an apartment. The plaintiffs, Mr. and Mrs. Clarence Pizanie, leased from the defendants, Mr. and Mrs. A. V. Dufour, an apartment on a monthly basis and occupied the apartment for about one year. The monthly rental was $75. It was regularly paid, in advance, each month which ended on the 25th day of each month.
During the early part of July, 1957, after the rent for that month which expired on July 25th had been paid, the plaintiffs, having found other accommodations, told the defendants that they would not require the apartment beyond the end of the cur *734 rent month, and that they would commence to move on or about the 15th of that month. The defendants decided to make certain repairs and to prepare the apartment so that it might be leased to new tenants, and they asked that they be permitted to enter and take over the apartment before July 25th, the day to which rent had been paid. The plaintiffs answered that they would agree to this provided the defendants would make refund on a pro rata basis for the rent which had already been paid. The defendants were unwilling to agree to this.
In the meantime the plaintiffs prepared a written notice of intention to vacate the premises, and, on or about July 12th, attempted to hand it to Mr. Dufour who refused to accept it. Plaintiffs then threw the written notice at the feet of Dufour.
After July 15th, the plaintiffs commenced moving out of the apartment and had moved some of their household goods to the new location when the defendants entered the apartment, either forcibly or by the use of a duplicate key, and commenced making the contemplated repairs. To this the plaintiffs objected. Plaintiffs then brought this suit for damages, praying for judgment in the sum of $1,000, and alleging that neighbors and friends had believed that they had been evicted and that humiliation and embarrassment had resulted, and that certain of their household effects had been damaged by the defendants in the work which they were doing and that some had been splattered with paint.
Defendants filed exceptions of no cause of action and no right of action and an answer in which they averred that the work which they had done was merely repairing of minor defects and the elimination of a dangerous heating pipe in one of the rooms of the apartment, and that, as a matter of fact, they had been damaged themselves in various ways, and, without specifically praying for a judgment in re-convention, they suggested vaguely that they and not plaintiffs should be allowed to recover.
There was judgment in favor of plaintiffs in the sum of $100. Defendants have appealed, and plaintiffs have answered the appeal praying for an increase in the amount awarded to $1,000.
We have some little difficulty in attempting to understand on just what theory counsel for defendants base the exceptions of no right and no cause of action. He does not state just what his contention is, but in his brief he cites several cases in which it has been held that a wife cannot assert a claim for damages sustained by the community and that a wife may not be sued for damages for tort committed by the husband as head and master of the community. ITere the claim is not asserted by the community, nor is it asserted against the community existing between the two defendants. The plaintiff husband and plaintiff wife each alleges humiliation and damage caused by the unlawful entry of the two defendants. Thus each alleges individual damage. In addition, it is alleged that some damage was sustained by household articles which apparently belong to the community, and of course for that damage the claim could be presented only by the husband. However, since both the husband and the wife are plaintiffs, we think that the exception of no right of action was properly overruled. The petition clearly sets forth a cause of action. Accordingly it is clear that that exception was properly overruled. Counsel for defendants seems to feel that the suit should not have been brought against both defendants, and while we cannot say that it definitely or clearly presents this contention, it would seem from some of the citations in his brief that this argument is also made. Here again we note that it is alleged and shown that if there was damage, it was sustained by the two plaintiffs individually and was caused by the defendants’ individual actions; in other words, that each of the defendants *735 was guilty of tortious acts. If so, then each may be sued since the tort of the wife and the tort of the husband cannot be said to be the action of the community to such an extent that for that tort only the husband may be held liable.
There is no doubt that, as a result of the acts of the two defendants, plaintiffs were individually caused humiliation and damage. However, while the damage was not as extensive as plaintiffs maintain, it does occur to us that the award is inadequate and we think each plaintiff should recover $150. See Barrios v. Bango, La.App., 52 So.2d 579.
Accordingly, the judgment appealed from is amended so as to award each of the plaintiffs the sum of $150 against the defendants in solido, together with legal interest thereon from judicial demand, and, as thus amended and in all other respects, the judgment is affirmed. Defendants are cast for the costs of both courts.
Amended and affirmed.