165 So.2d 888 (1964)
J. Battle RIVERS
v.
John J. TESSITORE.
No. 1456.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1964.
Rehearing Denied July 15, 1964.
*889 Jacob H. Morrison, New Orleans, for plaintiff-appellee.
James E. Courtin, New Orleans, for defendant-appellant.
Before YARRUT, HALL and BARNETTE, JJ.
HALL, Judge.
Plaintiff brought this suit for $2,500.00 damages alleging that defendant, wrongfully and without any legal process, removed plaintiff's possessions consisting of a quantity of back issue magazines, books and other personal property, from a room subleased by plaintiff at 917 Esplanade Avenue in the City of New Orleans, and threw them in the yard with the result that they were destroyed by the elements.
From a judgment awarding plaintiff damages in the sum of $584.00 ($484.00 to compensate for loss of magazines and "$100.00 for the unwarranted acts of defendant") the defendant appealed. Plaintiff answered the appeal praying that the award of damages be increased to $2,500.00 as prayed for.
Defendant leased the premises 917 Esplanade Avenue from the owner in January 1962. In March 1962 defendant subleased the entire building to Mrs. Catherine Boudreaux on a month-to-month lease. On May 12, 1962 plaintiff rented a small room in the building from Mrs. Boudreaux at a rental of $10.00 per month, and gave her his check for $60.00 in payment of one-half a year's rent in advance.
Plaintiff, who lived in the next block, rented the small room for the purpose of storing therein an estimated 1500 back issue magazines and periodicals which he had been collecting for years, such as Fortune, Newsweek, U. S. News and World Report, Reader's Digest, Life, Look, Atlantic Monthly, Harpers, Business Week and Dunn's Financial Weekly. He also wanted the room in which to do some writing which he planned to do upon retirement.
After erecting some shelving in the room plaintiff brought over the magazines from his home where he had previously stored them.
Mrs. Boudreaux and defendant came to a parting of the ways about June 1, 1962 and Mrs. Boudreaux vacated the premises shortly thereafter. Defendant thereupon informed plaintiff that he had no right to be on the premises and would have to get out. Plaintiff, having paid Mrs. Boudreaux six months rent in advance thought he had a right to remain, and informed defendant that if he was to be ejected it would have to be done through a judgment of court.
Sometime prior to July 3, 1962 plaintiff discovered that the magazines he had stored in the rented room had been thrown into the yard and had been rained upon and completely ruined. On July 3, 1962 plaintiff's counsel made written demand upon defendant to pay for the damage. Defendant did not reply to this letter but on July 3, 1962 defendant's attorney executed on his behalf a vacate notice to be served on plaintiff by the constable of the First City Court. This notice was served by the *890 constable on July 7, 1962 by tacking same on the door of the rented room. No suit for eviction was ever instituted by the defendant following the vacate notice.
It is clear that the magazines were thrown into the yard sometime prior to July 3, 1962 and it is equally clear that this was done either by defendant himself or by his direction.
Regardless of whether plaintiff was correct in his belief that having paid six months rent to Mrs. Boudreaux he had a right to stay in the premises, defendant knew he was an occupant of the premises and defendant was without right to eject him except through legal process.
An "occupant" is defined in LSA-C.C.P. Art. 4704 as including "* * * any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant * *." This same article states that "owner" includes a lessee, and a "lessee" includes a sublessee.
Since plaintiff was an "occupant" within the meaning of the eviction law (LSA-C.C.P. Articles 4701-4735) he could not be evicted except through the procedure therein set forth. Defendant had no right to take the law into his own hands and is liable in damages for so doing. See Barrios v. Bango, La.App., 52 So.2d 579; Butler v. Jones, La.App., 21 So.2d 181; Robinson v. Bonhaye, La.App., 195 So. 365; Lindsey v. Zibilich, La.App., 153 So. 341; Lansalot v. Mihaljevich, 12 La.App. 174, 125 So. 183; Rogers v. Wood, 7 La. App. 637.
Plaintiff contends that the Trial Court overlooked the Fortune magazines in its judgment and that the award of damages should be increased by the value of such magazines all of which were destroyed. Plaintiff's testimony does not give an estimated count of the number of Fortune magazines stored in the room, and the Trial Court was correct in not taking them into account. Plaintiff also contends that the Trial Court's award for defendant's unwarranted acts should be increased by at least $250.00.
The following will illustrate the quantum heretofore granted by the Courts in unlawful eviction cases:
Barrios v. Bango, supra: $200.00 for the removal of personal effects from the leased apartment in the middle of the night.
Butler v. Jones, supra: $200.00 for breaking into plaintiff's room and removing the personal effects.
Walsh v. Bush, La.App., 20 So.2d 190: $300.00 for padlocking the garage and bringing an unfounded suit for the payment of rent.
Vogt et al v. Jannarelli, La.App., 198 So. 421: $300.00 for shutting off the water, electricity and gas for ten days.
The damage sustained by plaintiff in the instant case is of less magnitude than the damages sustained by the tenants in the above cases, all of which were concerned with the forcible eviction of the tenant from his living quarters.
We are of the opinion that the actual damage suffered by plaintiff was adequately proved and that the award of damages for defendant's unlawful acts is neither inadequate nor excessive.
For the foregoing reasons the judgment appealed from is affirmed, appellant to pay all costs in both Courts.
Affirmed.