313 So.2d 12 (1975)
Mrs. Geneva Beard, widow of Walter Y. LUCAS
v.
Miss Joyce E. LUDWIG et al.
No. 6732.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Rehearing Denied June 11, 1975.
Writ Refused September 11, 1975.
*13 Jorda S. Derbes, New Orleans, for plaintiff-appellant.
LaBorde & Brooks, John H. Brooks, New Orleans, for defendants-appellees.
Before GULOTTA, MORIAL and BEER, JJ.
MORIAL, Judge.
Plaintiff filed this suit alleging that she was frightened, embarrassed, and humiliated and suffered mental anguish as a result of defendants unlawful intrusion (invasion) of her privacy.
In an earlier chapter of this litigation the district court's judgment maintaining defendants' exception of no cause and no right of action was reversed and the case remanded for trial. Lucas v. Ludwig, 265 So.2d 245 (La.App. 4 Cir. 1972). After a trial, at which Ludwig was not present, the district court dismissed plaintiff's suit at her cost. Plaintiff appeals.
On June 1, 1971 plaintiff rented to Ludwig an apartment at 1019 St. Peter Street on a month to month basis at a rental of $100.00 payable in advance. In the latter part of July 1971 Ludwig told the plaintiff she intended to move. About the 6th day of August, Ludwig gave the plaintiff a check for $30.00 on the August rent. The check was immediately presented for payment at the drawee bank and dishonored. Sometime thereafter plaintiff observed that Ludwig had packed her clothes and other personal property. While Ludwig was present Lucas entered the apartment to clean and prepare it for future occupancy. During Ludwig's absence, plaintiff entered the leased premises and took possession of Ludwig's stereo and some other personal *14 property. Ludwig vacated the premises on or about August 17, 1971. Ludwig retained the services of LaBorde, an attorney, to retrieve her property. On August 19, 1971 Ludwig and LaBorde went to the Lucas residence, knocked on the door and no one responded. LaBorde wrote to Lucas on August 20, 1971, demanding the return of the stereo and other personal effects within three days or "* * * we shall swear out the appropriate affidavits leading to your arrest for theft * * *." LaBorde received a reply letter dated August 24, 1971 from plaintiff's attorney in which he set forth Lucas' version of the facts, the amount due her, his opinion that under existing law Lucas had a right to detain Ludwig's property and he had advised her to do so. He stated his availability to discuss the matter with LaBorde. Ludwig and LaBorde went to the First District Station of the New Orleans Police Department (NOPD) on August 27, 1971. Ludwig and LaBorde explained to the desk sergeant that Lucas was in possession of her property. Two police officers were dispatched to Lucas' residence accompanied by Ludwig. Upon arrival an officer knocked on the door. Lucas answered the door whereupon Ludwig pointed to her stereo. They entered Lucas' residence. Ludwig and Lucas each voiced their story to the police officers. Lucas showed one of the policemen a copy of the letter written to LaBorde by her attorney. One of the officers used the Lucas telephone to contact as assistant city attorney to determine if Lucas had committed a criminal violation. At about this time, LaBorde, who had remained at the police station, arrived and entered the premises. LaBorde got on the telephone and talked to the assistant city attorney and pressed his view that a theft had been committed. The assistant city attorney advised LaBorde it was a civil matter. Officer Gomez spoke to the city attorney who told him not to interfere in this civil dispute. As Ludwig, LaBorde and the police officers were leaving LaBorde said to Lucas that he thought theft charges could be brought against her, further intimating that Lucas was a thief.
Plaintiff and defendants have extensively briefed the issue of whether or not a lessor has the right to exercise self help and take possession of property in the leased premises upon a lessee's failure to pay rent in advance when it became due. On the facts and evidence a resolution of that issue is unnecessary to a determination of this case. However, see LSA-R.C.C. Articles 2705, 2709, 3218; Wolf v. Cuccia, 144 La. 336, 80 So. 581 (1919); Reed v. Walthers, 193 So. 253 (La.App.Or1.1940); Lansalot v. Mihaljevich, 12 La.App. 174, 125 So. 183 (Orl.1929); Daggett, Louisiana Privileges and Chattel Mortgages.
This is not a malicious prosecution case nor is it a case of defamation. This case involves "right of privacy." Malicious intent is not necessary to have an actionable invasion of the right of privacy, nor are truth and the absence of malice defenses to the action. Cunningham v. Securities Investment Co. of St. Louis, 278 F.2d 600 (5th Cir. 1960); Tuyes v. Chambers, 144 La. 723, 81 So. 265 (1919); Quina v. Roberts, 16 So.2d 558 (La.App.Or1.1944); See The Right of Privacy in Louisiana, 28 La.L.Rev. 469.
The interests of personality protected by the "right of privacy" concept are varied. See Hamilton v. Lumbermen's Mutual Casualty Co., 82 So.2d 61 (La.App. 1 Cir. 1955); Green, The Right of Privacy, 27 Ill.L.Rev. 237 (1932). Included therein is the right "to be let alone." Cooley, Torts 29 (2d ed. 1888). The right "to be let alone" prohibits intrusion upon a person's seclusion or solitude, or into his private affairs. Particularly does this include the privacy of quarters against an unwarranted intrusion. Recently, increased and renewed emphasis has been placed upon the protection of individual rights in America.
*15 The evidence satisfies us that the conduct of LaBorde, an attorney, and Ludwig, a lay person, under the circumstances was improper and unreasonable. They seriously interfered with the plaintiff's interest in not having her affairs known to others including the New Orleans Police Department. In the opinion of the assistant city attorney, who advised the NOPD in such matters, Lucas had committed no crime.
Ludwig and LaBorde invoked the police to go to plaintiff's home. This was in culmination of the Ludwig-LaBorde earlier abortive visit to the plaintiff's home. LaBorde having been advised by Lucas' attorney that in his opinion her actions were legal exceeded reasonable bounds by participating with his client in soliciting the police to go to the plaintiff's home. Certainly, the police were not paying Lucas a social visit nor, as it is apparent, had they gone to Lucas' home merely to investigate. Obviously, this was no routine call by the police. The non-criminal determination at the Lucas home, which was the result of the Ludwig-LaBorde invocation, could have been made as well via a telephone call to the assistant city attorney from the police station and, perhaps, avoided the Ludwig-LaBorde precipitated invasion of privacy of Lucas.
In his industry, enthusiasm and eagerness to represent a client, a lawyer must not permit the client to prevail upon him to engage in unreasonable conduct. In fact, LaBorde's responsibility was to advise Ludwig that to engage in such condut under the circumstances could be unreasonable. Having caused the unwarranted police visit to the plaintiff's home and their intrusion which resulted in no arrest or charges being made, defendants acted at their peril. The Ludwig-LaBorde conduct constituted an unreasonable and actionable invasion of plaintiff's right of privacy or a tortious attempt to coerce her to release property in her possessionthe right to which Ludwig and LaBorde knew she claimed, or at least knew was legally disputed. LSA-R.C.C. 2315; Tuyes v. Chambers, supra; Pack v. Wise, 155 So.2d 909 (La.App. 3 Cir. 1963); Quina v. Roberts, supra; see Restatement of Torts, Section 867.
Plaintiff was approximately 70 years of age at the time of the incident. Officer Gomez testified that the plaintiff was very emotional and upset. The record supports no damage claim other than that for emotional distress.
The inexperience of LaBorde, who had been admitted to the bar only a few months prior to the invasion of privacy, does not justify his tortious conduct, but does mitigate in his favor. Further, we recognize that those who honestly seek the enforcement of the law, and are supported by circumstances which will warrant a reasonable man in the belief that the party suspected may be guilty of a criminal offense, should not be made unduly apprehensive that they will be held answerable in damages.
The judgment of the district court is reversed and there is judgment in favor of plaintiff, Mrs. Geneva Beard, widow of Walter Y. Lucas and against defendants, Joyce E. Ludwig and Gerald T. LaBorde, in solido in the sum of $500.00, together with legal interest from judicial demand and all costs.
Reversed.
GULOTTA, Judge (concurring).
I concur with the result.