365 So.2d 583 (1978)
Gracie WHITE
v.
BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY
No. 12290.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
*584 J. Michael Cutshaw, Baton Rouge, of counsel, for plaintiff-appellant Gracie White.
Julius X. Johnson, Asst. Atty. Gen., Baton Rouge, of counsel, for defendant-appellee Board of Supervisors of Southern University.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
This is an appeal by plaintiff, Gracie White, from a judgment of the trial court which dismissed her suit against the Board of Supervisors of Southern University for damages resulting from her alleged wrongful termination.
White was employed as Counselor-Dean of Women, Resident Director of Progress Hall, a dormitory at Southern. She began her employment in 1971 and was employed under successive one-year contracts. In August, 1976, she received a contract of employment for the 1976-77 academic year at a salary of $6,698, plus the use of an apartment in the dormitory. She was an unclassified employee and not a part of the tenured faculty.
By a letter of August 9, 1976, from Clarence Marie Collier the Vice President for Student Affairs and Community Services, White was informed that she was being placed on probationary status for the fall semester. The letter further stated:
". . . Another evaluation of your performance will be made. If a marked improvement is not shown, I am going to request the termination of your services effective December 18, 1976."
White was further informed of the specific complaints regarding her work performance *585 in a letter of September 22, 1976, from Helen M. Barron the Dean of Women. Additionally, White had personal conferences with Collier and Barron.
Subsequently on December 21, 1976, Collier wrote a letter concerning White to Dr. Roosevelt Steptoe the Vice President of Southern. Collier outlined the situation with regard to White's job performance, stated that there was no marked improvement in White's performance, and recommended that White be dismissed for willful neglect of duty and insubordination. Dr. Steptoe approved the dismissal and informed White by letter of December 27, 1976, that her employment was terminated as of December 31, 1976. Dr. Steptoe requested that White relinquish "all dormitory keys and other university properties."
The trial judge in Oral Reasons for Judgment found: that there was just cause for White's termination; that White was provided with a grievance procedure, as detailed in Southern's handbook, to appeal her dismissal; and that White failed to employ this grievance procedure. The trial judge directed Southern to give White a reasonable time, not to exceed fifteen (15) days, to remove her personal belongings from the dormitory apartment, and dismissed White's suit.
White assigns seven (7) errors allegedly committed by the trial court, which can be categorized into three areas: 1) denial of due process; 2) breach of contract; and 3) wrongful eviction.
First, White contends that Southern violated her constitutional rights by denying her procedural due process.
Due process requires that one be apprised of the charges or complaints and be given a fair opportunity to defend by confronting the witnesses against him. U.S. Const. Amend. XIV; La.Const. art. 1, sec. 2. However, no set or fixed procedure is sacramental, rather each case must turn on its own facts. Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970).
The evidence supports the finding that Collier and Barron advised White of the various reasons for dissatisfaction with her job performance. These same complaints resulted in White's dismissal.
Southern, as the trial judge noted, provides a three step grievance procedure for employees to appeal university actions, when they feel they are being treated unjustly. This procedure is spelled out in written form in Southern's handbook and was available to White. Thomas Butler, Assistant Director of Personnel at Southern, testified that he discussed the grievance procedure with White and advised her of its availability.
Consequently, White was given notice of the charges and she was afforded a fair opportunity, via Southern's established grievance procedure, to defend against these charges. She, however, declined to exercise her due process option.
We find that Southern satisfied the requirements of due process in this case.
Second, White contends that Southern breached the contract of employment and that the trial court erred in finding that she was discharged for cause.
White bases her allegation that Southern breached the employment contract on the disciplinary actions taken against her. She argues that Southern utilized probation as a sanction for her deficient performance, when such was not a penalty listed in Southern's handbook and when more stringent sanctions, such as suspension without pay, were appropriate.
The testimony in the record indicates that Southern elected to use probation as a less strict form of discipline in an effort to give White an opportunity to improve her performance and retain her job, despite the fact that some of the enumerated offenses were cause for immediate termination. We do not believe that this conduct amounts in any way to a breach of the employment contract.
Regarding the issue of just cause for White's termination, we find that the evidence supports the trial court's finding that there was just cause for the dismissal. We find no manifest error.
*586 Third, White contends that Southern wrongfully evicted her from the dormitory apartment provided in connection with her employment, and that she is entitled to damages.
The paucity of evidence on this issue indicates that in January, 1977, subsequent to White's termination and after her refusal to vacate the dormitory apartment, Southern changed the locks on this apartment, but continued to allow her access to the apartment to remove her belongings.
Southern had the right to evict White. In this instance however, Southern failed to follow the statutory procedure and consequently, is liable for damages. Rivers v. Tessitore, 165 So.2d 888 (La.App. 4th Cir. 1964); LSA-C.C.P. art. 4702.
We believe an award of $250 as damages for wrongful eviction is appropriate in view of the evidence in the record.
For the above reasons, the judgment appealed is reversed insofar as it denied appellant damages for wrongful eviction and judgment is herein rendered in favor of appellant and against Southern in the amount of $250.
The judgment of the trial court is affirmed in all other respects. Costs are to be paid one half by White and one half by Southern. See Segura v. Louisiana Architects Selection Board, 362 So.2d 498 (La. 1978).
REVERSED IN PART, RENDERED AND AFFIRMED IN PART.