450 So.2d 759 (1984)
Simon TROXCLAIR et al.
v.
PARISH OF ST. CHARLES and Integrity Insurance Company.
No. 83-CA-788.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
Rehearing Denied June 18, 1984.
*760 Mark B. Meyers, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiffs-appellants.
B.R. Malbrough, Renaudin, Casey & Holmes, New Orleans, for defendants-appellees.
Before KLIEBERT, GAUDIN and MARCEL, JJ.
CLEVELAND J. MARCEL, Sr., Judge Pro Tempore.
This appeal originates in the Twenty-Ninth Judicial District Court, Parish of St. Charles, Louisiana, wherein the Honorable Joel T. Chaisson rendered judgment granting defendants' rule to show cause why settlement should not be enforced. Such judgment further ordered plaintiffs' trespass suit dismissed and defendants' draft placed in the registry of the court subject to those endorsements already placed on it.
On June 15, 1982, plaintiffs filed suit against the parish of St. Charles and Integrity Insurance Company alleging trespass, property damage and mental anguish. After numerous delays, trial of the matter was finally scheduled for May 9, 1983. According to the transcript, present that date was then counsel for plaintiffs, Mr. Jules Carville, and defense counsel, Messrs. B.R. Malbrough and William V. Renaudin, Jr. However, after a brief in-chambers discussion, the matter was not tried but was continued.
Subsequently, on June 30, 1983, defendant Integrity Insurance Company filed a rule to show cause why settlement should not be enforced. This matter was heard August 11, 1983 and judgment granting that rule was rendered August 26, 1983. Plaintiffs retained different counsel and have now brought this appeal asserting the trial court should not have enforced the alleged settlement as such settlement fails to comply with the requisites of LSA-C.C. Article 3071.
LSA-C.C. Article 3071 states:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form."
The second paragraph of this article previously read: "This contract must be reduced into writing." However, a 1981 amendment rewrote that paragraph allowing such agreements to be recited in open court provided they are capable of being transcribed from the record of that proceeding.
The purpose of LSA-C.C. Article 3071 is to insure proper proof of extra-judicial agreements. Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979). Although Martin was rendered prior to the above-mentioned amendment, we recognize that the purpose remains the same regardless of whether the agreement was actually reduced to writing or recited in open court and transcribed.
*761 In the instant case, looking solely at the record, we can find no proof, either written or recited in open court, of the existence of any extra-judicial agreement. Appellee, however, continually asserts that such agreement was recited in open court at the May 9, 1983 hearing. We have examined carefully the transcript of that hearing contained in the record before us and cannot find any such recital.
Although there was an in-chambers, off-the-record discussion at the May 9 hearing, the nature of that discussion was never recited in open court. In fact, upon returning to the bench, the trial judge remarked that the parties were attempting to work out an amicable disposition of the pending matter and that he would like to have the parties settle within seven days. The last statement made before the May 9 hearing was concluded was the trial judge's apparent conclusion, "There has been a tentative offer made to settle this case."
At the August 11, 1983 hearing, defense counsel chronologically presented the events of this case to the court. Mr. Carville, plaintiffs' counsel at that time, was in agreement and responded, "Your Honor, basically what was said is correct." Appellees now argue that such acknowledgment by Mr. Carville amounts to a judicial confession under LSA-C.C. Article 2291[1]. We do not agree.
Appellee is now attempting to use Mr. Carville's subsequent statement to prove the existence of that which simply did not legally exist. Our civil code speaks directly on compromise through Article 3071. To make a settlement judicially enforceable, it must either be reduced to writing or recited in open court. Recital of such agreements in open court must make full disclosure of the terms so that all parties concerned are fully apprised of their rights and obligations.
As this agreement was not legally perfected, the enforcement of the settlement was error. Accordingly, we afford no legally binding affect to the August 11 hearing.
Therefore, for the foregoing reasons, the judgment appealed from is hereby reversed and the matter is remanded to be reset for trial. All costs are to be paid by appellee.
REVERSED AND REMANDED.
NOTES
[1] Art. 2291. The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

It amounts to full proof against him who has made it.
It cannot be divided against him.
It cannot be revoked, unless it be proved to have been made through an error in fact.
It cannot be revoked on a pretense of an error in law.