GULOTTA, Judge.
Plaintiff appeals from a judgment compelling her to execute documents settling her personal injury suit in accordance with an agreement reached in open court. We affirm.
On April 11, 1983, Deborah Williams Tol-bert filed a petition for damages from a slip and fall on a staircase in the Louisiana Superdome. After discovery, the parties reached a settlement, which was made a matter of record in testimony and notes of evidence on October 30, 1984. At the hearing, plaintiff's attorney testified in open court,
“It’s been stipulated by and between counsel that there is a compromise settle *1055 ment. Payment would require that the plaintiff is to execute a dismissal of the lawsuit with prejudice. The terms of the settlement are as follows: That she will be paid for the sum of general damages $4,000 by the defendant, plus all medical bills arriving out of this accident that are proven with documented receipts, plus ... up to $200.00 documented court costs.”
After hearing further from both attorneys, the trial judge had the following exchange with the plaintiff:
THE COURT:
“Now, Ms. Tolbert, you heard your lawyer indicate that this is a full and complete settlement.”
MS. TOLBERT:
“Yes.”
THE COURT:
“And that you will execute the proper papers upon the check being in your lawyer’s hands?”
MS. TOLBERT:
“Of course.”
THE COURT:
“One of the problems that we have is people come in saying that they didn’t understand that they were making a settlement of all their rights....”
After determining that plaintiff had completed sixteen years of school, the judge concluded the hearing as follows:
THE COURT:
“All right, fine.... Well, the point is, later this afternoon I don’t want you to go and run into some friend who says, ‘Oh, if you would let me take you to my lawyer, my lawyer would get you more money.’ And you come in here tomorrow and tell me you didn’t understand. Now, this is it. There is no turning back, do you understand?”
MS. TOLBERT:
“Yes.”
THE COURT:
“All right, fine. We have good understanding and we have got no problem, all right. I’ll expect the proper papers to be presented to me when you get them done. This matter is settled.”
Despite her assurances to the judge, plaintiff subsequently refused to sign a written release or accept a $6,211.30 check tendered by defendant in full and final settlement of the matter. On defendant’s “Rule To Compel Execution Of Settlement Documents”, the trial judge thereafter rendered a judgment ordering plaintiff to execute the settlement documents in accordance with her earlier acceptance in open court.
Appealing, plaintiff contends that in agreeing to the settlement she thought she would receive $4,000.00 net after all deductions. According to plaintiff, it was not until after the gross figure was agreed upon that she received a detail itemization from her attorney revealing that over $1,500.00 in deposition and litigation expenses as well as medical bills, would be deducted from the total settlement amount and that she would receive only the remainder less advances previously paid to her by her attorney. Plaintiff argues that she did not knowingly and voluntarily agree to compromise the case since she misunderstood how the proceeds of the settlement were to be divided. We disagree.
LSA-C.C. Art. 3071 provides that a compromise to put an end to a lawsuit: “ ... must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding.” The article further provides that an agreement recited in open court confers upon each party “ .. .the right of judicialy enforcing its performance, although its substance may thereafter be written in a more convenient form.” Recital of the agreement in open court must make full disclosure of the terms, however, so that the parties concerned are fully apprised of their rights and obligations. Troxclair v. Parish of St. Charles, 450 So.2d 759 (La.App. 5th Cir.1984).
The transcript in the instant case reveals that the essential terms of the settlement were fully disclosed to plaintiff in open court. It was made clear to her that she *1056 was to be paid $4,000.00 in general damages, plus documented medical bills, plus up to $200.00 in documented court costs. It should have been obvious to plaintiff that any other litigation expenses or undocumented medical bills incurred by her would not be paid by defendant and would have to be deducted from her gross settlement amount. Although plaintiff stated at the later hearing that her attorney had not explained that any payments would be deducted from the $4,000.00 in general damages, the attorney stated that plaintiff was “well aware of what the settlement was_” Plaintiff’s attorney further stated that he was willing to “forego” his contingency fee and give plaintiff the net settlement proceeds minus his out-of-pocket expenses in the litigation.
Under these circumstances, we find no error in the trial court’s judgment ordering plaintiff to execute the written settlement.
AFFIRMED.