CHEHARDY, Chief Judge.
This appeal arises from a judgment dismissing a rule filed by plaintiff, Benjamin B. Mathews, to enforce a settlement agreement related to community property, child custody and child support. The rule was filed against Vicki Fisk, plaintiffs exwife, in response to rules filed by Ms. Fisk for past-due child support, child custody and for an increase in child support.
Benjamin Mathews and Vicki Fisk were married in 1971. The parties were divorced in 1983 and custody of the minor child was awarded jointly to Mr. Mathews and Ms. Fisk. Disposition of the community property was reserved for settlement at a later date.'
In April 1986, Ms. Fisk and others of her family members attempted to sell a piece of realty. A purchase agreement was executed, but a question arose as to Mr. Mathews’ possible interest in the property. Ms. Fisk claims her interest in the property is separate, but in order to facilitate the sale she requested a quitclaim deed from Mr. Mathews. Mr. Mathews agreed to provide the deed on condition that the parties settle the community and that the deed be returned if the sale was not successfully completed.
Negotiations to settle the community commenced in April and continued until June 11, 1986. On that date Mr. Mathews’ attorney, Robert C. Lowe, sent the original deed, along with the settlement documents, to Ms. Fisk’s two attorneys, John A. Hollis-ter and Thomas S. Derveloy, Jr. The documents consisted of separate agreements. One involved the community settlement, and the other gave sole custody of the minor child to Ms. Fisk and set child support at $300 per month.
After reviewing the documents drawn up by counsel for Mr. Mathews, Mr. Hollister *1229 sent Mr. Lowe a letter informing him of an omission. In that letter of June 11, he stated Ms. Fisk’s consent was contingent on the successful completion of the act of sale, which was scheduled for June 13, two days later. Mr. Lowe received the letter on June 12. He responded irately that the agreement was confected and demanded the deed be returned if the sale should not be completed.
Ms. Fisk attended the act of sale on June 13, 1986. At that time she tendered the quitclaim deed to the purchasers’ counsel. However, the purchasers failed to appear, and ultimately Mr. Derveloy executed a proces verbal placing the purchasers in default. Although Mr. Derveloy did not subsequently record the deed as per the agreement between the parties, neither did he return the deed.
Shortly thereafter a status conference was held regarding Ms. Fisk’s rules for arrearages, custody and increase in child support. In that meeting it became apparent that the parties did not agree on whether the settlement had been confected. Consequently, Mr. Mathews filed the pleading now before this court, attempting to enforce the agreements. After a hearing on Mr. Mathews’ rule, the trial judge determined the alleged compromise was invalid and unenforceable on the basis that Ms. Fisk did not accept Mr. Mathews’ offer.
On appeal plaintiff asserts the trial court erred in finding the compromise invalid. He argues that the various letters between the parties’ attorneys and the testimony of Mr. Derveloy support his allegation that an agreement was reached. Although he admits that defendant’s condition (that the sale go through) was not met, he contends it was not due to any failure or delay in providing the deed. He points out defendant used the deed at the closing and that the sole reason the sale aborted was the purchasers’ failure to attend. Plaintiff argues that further evidence of the agreement’s finalization is found in Mr. Derve-loy’s testimony at the hearing in which he admitted to telling Mr. Lowe, “Yes, we have a deal.”
In support of his position in the matter, plaintiff cites LSA-C.C. art. 3071 and Felder v. Georgia Pac. Corp., 405 So.2d 521 (La.1981). He argues that although the codal article requires a settlement or compromise to be in writing, the Felder court held the agreement need not be contained in the same document in order to be a valid compromise as contemplated by C.C. art. 3071. In this case, plaintiff contends the various letters constituted written offers and acceptances which were ultimately formalized by plaintiff’s attorney in the settlement documents sent to defendant’s attorneys. He further argues the letter sent to his attorney by Mr. Hollister, defendant’s co-counsel, constituted a bona fide acceptance and evidences defendant’s consent to the agreement.
C.C. art. 3071 defines a transaction or compromise as follows:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
“This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.”
The purpose of this statute and its requirement for the settlement to be reduced to written form (or recited in open court) is to insure proper proof of extrajudicial agreements. Troxclair v. Parish of St. Charles, 450 So.2d 759 (La.App. 5 Cir.1984). The requirement that the agreement be in written form necessarily implies the agreement be evidenced by documentation signed by both parties. Felder v. Georgia Pac. Corp., supra. However, as pointed out by plaintiff, the agreement need not be contained in one document as long as the documents, when read togeth *1230 er, outline the obligations of the parties and evidence each party’s acquiescence. Felder v. Georgia Pac. Corp., id. See also Shavers v. Olano, 487 So.2d 652 (La.App. 5 Cir.1986).
In this case plaintiff argues it was unnecessary for defendant to have signed the formal settlement documents in that the various letters and testimony of Mr. Derve-loy show an agreement had been reached. In particular, plaintiff asserts the letter of June 11, 1986 by Mr. Hollister to plaintiff’s counsel, which contained defendant’s condition, proves the parties agreed on the terms of the formal documents. In regard to the condition, plaintiff asserts the sale failed through no fault of plaintiff and thus should not be used to invalidate the agreement.
The Felder case does not indicate whether or not the signatures required for compliance with C.C. art. 3071 must be the parties’ signatures or whether the attorneys’ signatures would suffice. However, we need not address the question because the only letter which could constitute a formal acceptance by defendant was predicated on the happening of an event, i.e., the act of sale. Since the act of sale was never completed and neither defendant nor her attorneys signed the formal documents, no proper evidence of defendant’s acceptance or consent exists which would satisfy the requirements of the statute as interpreted by the Felder court. Consequently, we hold the trial court properly found the agreement invalid and unenforceable.
Finally, plaintiff complains about the failure of the defendant and/or her attorneys to return the quitclaim deed pursuant to their verbal agreement with plaintiff’s attorney. We find merit to this contention since the deed was executed in exchange for the agreement which has yet to be formally confected. Thus, we find defendant is entitled to its return upon finalization of the trial court judgment.
Accordingly, the judgment of the trial court is hereby amended and affirmed.
Further, it is hereby ordered that the Clerk of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, release to plaintiff, Benjamin B. Mathews, the original quitclaim deed executed by him upon request by Benjamin B. Mathews and after such time as this judgment becomes final.
Appellant is to pay costs of this appeal.
AMENDED AND AFFIRMED.