BARRY, Judge.
This appeal involving insurance premiums concerns proper venue for the litigation.
In October 1984 Danny and Annette Boyd, d/b/a D & B Construction Company (Boyds), purchased worker’s compensation insurance from Highlands Insurance through Dupuis Insurance Agency. According to defendant’s brief Dupuis Insurance billed and was paid by the Boyds for the premium in November 1984. In April 1985, New Well Construction Co., Inc. was substituted as the named insured and the insured’s legal status was amended to “corporation.”
In May 1986, after conducting an audit, Highland Insurance sued the Boyds in Orleans Parish for premiums. The Boyds were domiciled in Mamou, Evangeline Parish. Suit was also filed against New Well Construction Co., Inc., a Louisiana corporation with its registered office in Mamou. Highland Insurance is a foreign corporation with an office in Orleans Parish. The trial court overruled defendants’ exception of improper venue.
Although the more appropriate means of review of the interlocutory judgment would have been by supervisory writs, it has been held that irreparable injury occurs if there is an error in a venue ruling. Lapeyrouse v. United Services Automobile Association, 503 So.2d 627 (La.App. 4th Cir.1987), see also Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981). We therefore consider the merits of the appeal. La.C.C.P. Art. 2083. .
La.C.C.P. Art. 42, in pertinent part, provides:
The general rules of venue are that an action against: (1) An individual who is domiciled in the state shall be brought in the parish of his residence; (2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located....
The Boyds domicile and New Wells’ registered office are in Evangeline Parish. Under La.C.C.P. Art. 42, venue is in Evangeline Parish, not Orleans Parish.
Plaintiff maintains venue is nonetheless proper in Orleans Parish pursuant to the third paragraph of La.C.C.P. Art. 76, which provides:
An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.
Plaintiff urges that its suit for payment of premiums is an “action” on the policy and non-payment of the premiums is a “loss” on that policy. Plaintiff reasons that since the insurance contract was ac *184 cepted and issued in Orleans Parish, the “loss” occurred in Orleans Parish.
Plaintiff relies on F. Miller and Sons, Inc. v. Travelers Indemnity Company, 161 So.2d 349 (La.App. 3rd Cir.1964). In Miller, suit was filed in Calcasieu Parish by a contractor against a sub-contractor and the sub-contractor’s surety on the indemnity bond. The contractor sued to recover over-payments made to the subcontractor on a job in Calcasieu Parish. The insurance company filed an exception of improper venue. Neither the subcontractor nor the insurance company were domiciled in Calcasieu Parish. The Third Circuit concluded that venue was proper in Calcasieu Parish under La.C.C.P. Art. 76 since the loss had occurred there.
Plaintiffs reliance on Miller is misplaced. In Miller the bond was issued to indemnify for any loss during that job for which the subcontractor was liable. Thus, the potential loss was covered by the policy. By contrast, the present situation involves a suit for premiums by the insurance company. It does not involve a loss covered by the policy though the suit for premiums is based on the policy. See Continental Insurance Company v. Fairfield Temporaries, Inc., 437 So.2d 376 (La.App. 4th Cir.1983).
We are satisfied that the venue provision of C.C.P. Art. 76 does not extend to this type of case. Therefore, plaintiffs assertion that acceptance was made, the policy was issued, and the claims were serviced in Orleans Parish is of no moment. We conclude venue is improper in Orleans Parish.
The judgment is reversed. Judgment is hereby rendered maintaining the exception of improper venue and dismissing the suit.
JUDGMENT REVERSED, EXCEPTION MAINTAINED, SUIT DISMISSED.