519 So.2d 845 (1988)
Larry HENRY
v.
FORD MOTOR COMPANY, INC., Lee Tractor Company, Inc., and Belle Chasse State School, a Subdivision of the State of Louisiana.
No. CA-7861.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1988.
Marvin C. Grodsky, New Orleans, for plaintiff-appellee.
Stephen N. Elliott, Alison E. Roberts, Bernard, Cassisa, Saporito & Elliott, Metairie, for defendant-appellant Lee Tractor Co.
Before GARRISON, KLEES and ARMSTRONG, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court orally rendered on 10/10/86 and signed on 10/16/86 denying an exception of improper venue. A denial of an exception of improper venue does not result in a final judgment but rather is an interlocutory order. As such, the proper remedy is writ, not appeal. Once a writ is filed with this Court, we then use a two-fold test to determine if the writ will be granted:
1. if there is no remedy on appeal AND 2. if the relator will suffer irreparable harm if the writ is not granted.
The above statements are the general rules as they have existed at least since 1836. In 1981, in Herlitz Const. Co. v. Hotel Investors of New Iberia,[1] 396 So.2d *846 878 (La., 1981), the Supreme Court in a per curiam decision held that when the following three conditions are present, the merits of a writ application should be decided in order to avoid the waste of time and expense of a useless future trial:
1. when the overruling of the exception is arguably incorrect [and]
2. when a reversal will terminate the litigation [and]
3. when there are no facts in dispute.
Herlitz has been acknowledged by this Court in Lapeyrouse v. United Services Auto. Ass'n., 503 So.2d 627 (La.App. 4th, 1987), writs not applied for.
In the instant case, plaintiff filed suit on May 5, 1986 against 3 defendants, Ford Motor Company, Lee Tractor Company, and Belle Chasse State School. On July 7, 1986 Ford Motor Co. filed an Exception of Improper Cumulation of Action and an Exception of Improper Venue. On July 30, 1986, Lee Tractor Co. filed an exception of Improper Venue. On October 10, 1986, Ford's two exceptions and Lee Tractor's exception were heard and a judgment orally rendered. On October 16, 1986 the judgment rendered October 10th was reduced to writing and signed. The judgment provides:
"IT IS ORDERED, ADJUDGED, and DECREED that defendant Ford Motor Company's Exception of Improper Cumulation of Actions is DENIED.[2]
"IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendant Lee Tractor Company's Exception of Improper Venue is DENIED."
The next day on October 17, 1986, Ford Motor Co. filed its notice of intention to apply for writs from the judgment denying its two exceptions. On November 5, 1986 the writ was filed with this Court, Ford's writ application discussed both the cumulation and venue exceptions as specifications of error. On November 12, 1986, Ford Motor Co. applied to the trial court for a stay of proceedings pending the 4th Circuit writ decision, which stay was signed by the trial court judge on November 13, 1986. Also on November 13, 1986, the trial court signed Lee Tractor Co.'s application for writs from the October judgment denying Lee's Exception of Venue, setting a return date of November 27, 1986 and staying all proceedings in the district court pending the 4th Circuit determination.
On November 26, 1986, this Court handed down the following writ disposition [Number C-6646]:
"WRITS DENIED.
On the showing made, this Court finds no basis for concluding that the ruling complained of was incorrect."
As is readily apparent, the writ disposition did not use the two-fold test for determining whether a writ should be granted at all, but rather states that the panel examined the merits of the writ and the actions of the trial court, thus concluding on the merits as presented ("Upon the showing made ...") that the trial court's ruling was not "incorrect." Although Lee Tractor's writ on the exact same point was returnable on the next day, there is no evidence that Lee ever filed that writ. Indeed an independent search of this Court's records indicates that the writ was never filed. *847 Instead on December 23, 1986, Lee filed a motion for a devolutive appeal from the same judgment of October, '86 denying its Exception of Venue.
At this point, the judgment denying the Exception of Venue is on its third bite at the appleonce on Ford's writ, once on Lee's writ which Lee allowed to expire and once on Lee's "appeal." On May 28, 1987, plaintiff filed a motion to dismiss Lee's appeal which was routinely and mechanically denied by this Court on June 16, 1987. On December 4, 1987 this matter was argued and submitted. Thus as incredible as it may seem this Court is addressing a denial of an Exception of Venue on the same case for the fourth time.
Obviously, this is deeply in error. Under Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 256 So.2d 105 (La., 1972), this Court's decision on the writ constitutes the "law-of-the-case" and is binding on those "... who were parties to the case when the former appellate decision was rendered." At 107. In the instant case, Lee was not added as a party after the writ disposition was handed down. Lee was a party at the time when the writ disposition was rendered, but initially chose not to join in Ford's writ application, and then unilaterally and solely by its own action failed to pursue its writ and allowed it to expire.
As the court discussed in Day, among the reasons for application of the law-of-the-case rule is "... the avoidance of indefinite relitigation of the same issue," [emphasis supplied] a situation which is occurring in the instant suit. The court in Day further correctly noted that the law-of-the-case principle is a discretionary guide:
"Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice."
In the instant case, the writ disposition did not result from the mechanical application of the two-fold test as was complained of in Herlitz. Rather the panel examined the merits of the application and found the trial court's ruling correct.
It should be noted that the instant case is distinguishable from Herlitz, above, Lapeyrouse, above, and Highlands v. Boyd, 519 So.2d 182, submitted Tuesday, December 1, 1987 in that none of those cases dealt with a situation in which the appellate court examined the merits of a writ application on the same issues and involving the same parties or alternatively, no prior writ disposition existed.
The instant matter is affirmed as per our writ disposition C-6646.
AFFIRMED.
NOTES
[1] In Herlitz, footnote one uses a denial of an exception of venue as an example. While the example is mere dicta, it exists as a persuasive argument in the absence of a clearer more definite statement by the Supreme Court specifying exceptions of venue. Thus it has unfortunately led to a situation in which appeals are being routinely granted below for denials of exceptions of venue. Thus litigants can halt the orderly process of trial for a year by seeking appeals from denial of venue exceptions. As the instant case further illustrates, where there are multiple parties, litigants may attempt to string out the litigation by each filing a separate exception of venue after an appeal has been resolved on another party's prior exception. In Herlitz, the Supreme Court was properly annoyed with a mechanical application of a standard that resulted in erroneous denials of meritorious writ applications. Further, the appellate court in Herlitz was applying the wrong standard. The two-fold test recited by the appellate court in Herlitz is: (1) where there is palpable error in the ruling complained of and (2) only if irreparable injury will ensue. If the appellate court had applied the "where there is no remedy on appeal" prong of the test, then it would have seen that once the trial court overrules an exception of venue and the case is tried in the wrong venue, then there exists no remedy to correct that fact on appeal, hence a writ should be granted if the venue is wrong. The only result of Herlitz's footnote one is that it now takes over a year to do what once was done within a few days.
[2] It is noted that the trial court erred when it reduced the judgment to writing in that it failed to include Ford Motor Co.'s Exception of Improper Venue which was set for, argued, and decided at the same time as Lee's Exception of Venue. (See: Tr.)