541 So.2d 947 (1989)
FIRST FINANCIAL BANK, FSB
v.
George F. BOUE, Jr.
No. 88-CA-801.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
Rehearing Denied April 17, 1989.
*948 Alvin A. Leblanc, Jr., Jeffrey A. Jones, Kenner, for plaintiff/appellee.
Jacob J. Amato, Jr., David W. Birdsong, Gretna, for defendant/appellant.
Before KLIEBERT, FRED S. BOWES and WICKER, JJ.
WICKER, Judge.
This appeal arises out of a garnishment proceeding brought by First Financial Bank, FSB (First Financial) against Comeaux Furniture and Appliance, Inc. (Comeaux) as garnishee and the employer of George Boue, Jr. (Boue) for a previously rendered judgment against Boue in favor of First Financial in the amount of $17,000.00 plus interest and attorney's fees. Comeaux, as Boue's employer/garnishee, answered garnishment interrogatories urging a prior position as creditor and also indicating the existence of 11 prior creditors.
First Financial filed a rule to traverse the answers to the interrogatories asserting that the answers were evasive or incorrect. The matter was submitted on the record, briefs and a joint stipulation. In its brief before the trial court First Financial argued that Comeaux should not be allowed the priority given to an employer pursuant to La. R.S. 13:3925[1] since the "loans" made by Comeaux to Boue were actually gratuities. In addition, it urged that should Comeaux be allowed to retain its priority then no other creditor could ever receive payment as the "loans" to Comeaux total over $193,000.00.
On September 1, 1988 the trial judge rendered the following judgment:
The prior garnishment position of Comeaux Furniture and Appliance, Inc. as concerning George F. Boue, Jr., is terminated as of August 31, 1988. All previous judgment creditors are ordered to *949 appear herein for a ranking of their particular claims according to law.
This court sua sponte, noticed[2] after examination of the record that the judgment is a partial judgment, rendered only after a partial hearing regarding the claims of creditors. The claims of the other creditors are to be decided at a later date. Thus, what began as a proceeding to order First Financial's garnishment has now taken the posture of being a proceeding wherein the creditors are to be ranked. Our Supreme Court has recognized a garnishee's right to "resist the garnishment... on the theory that there are parties other than the defendant entitled to the funds, in which case the plaintiff is required to bring them into the proceeding for the purpose of having their rights determined." First State Bank v. Burton, 222 La. 1030, 64 So.2d 421, 423 (La.1953).
Here the garnishee answered and averred that Boue was indebted to him as well as to other creditors. Comeaux stated in its answer there were 11 previous garnishments and listed these. The trial court rendered a judgment for the liquidation of the Comeaux debt just as if it were a prior garnishment. It did not, however, order First Financial's garnishment to take effect upon the termination of the garnishee's/employer's claim. There is no garnishment order.
Under the Louisiana Code of Civil Procedure, a partial judgment may be rendered in only four situations. La.Code Civ.P.Art. 1915(A) provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
The judgment herein does not dispose of all of the issues. Furthermore, it does not fall within any of the types of situations allowing an appeal of certain partial final judgments.
This case is distinguishable from the case of Hunter v. Royal Globe Ins. Co., 425 So.2d 857 (La.App. 3rd Cir.1982). In Hunter the third circuit refused to recognize an employer's garnishment position after concluding that the "loan" was really a gratuity from a father/employer to a son/employee. However, in Hunter an order for garnishment was issued in favor of the plaintiff/creditor. The garnishee did not raise the issue of pre-existing garnishments. Thus, there was a final judgment ordering the garnishment in favor of the seizing creditor with no other issues remaining.
In Joseph v. Joseph, 506 So.2d 198 (La. App. 5th Cir.1987) this court followed the holding in Lee v. Lee, 375 So.2d 769 (La. App. 4th Cir.1979) wherein it noted that "the right to appeal a `partial final judgment,' represents a recent procedural change and is expressly limited to the situations enumerated in La.C.C.P. art. 1915." Joseph, supra at 200.
In Lee, supra the court explained at 771-772:

*950 The purpose of enumerating the situations in which appeals are permitted from partial final judgments is to limit piecemeal appeals to those situations (generally those involving liberal rules of joinder of parties or cumulation of actions) in which considerations of fairness override the desirability of having only one appeal in each action. See C.C.P. art. 1915, comment (b).
However, Comeaux requests that we exercise our supervisory jurisdiction. In Henry v. Ford Motor Co., Inc., 519 So.2d 845, 845 (La.App. 4th Cir.1988) our brothers in the Fourth Circuit enunciated a "two-fold test to determine if [a] writ will be granted" as follows:
1. if there is no remedy on appeal AND
2. if the relator will suffer irreparable harm if the writ is not granted.
In the instant case, Comeaux has an adequate remedy on appeal since our failure to exercise supervisory jurisdiction would not serve as a bar to a consideration of the issues raised by Comeaux should a later appeal be taken from the final judgment. State v. Smith, 322 So.2d 197 (La.1975). In State v. Young, 443 So.2d 608 (La.App. 3rd Cir.1983) the court held at 610:
This court is not precluded from re-evaluation of this identical issue by the earlier denial of the defendant's writ application. A denial of supervisory review is merely a decision not to exercise the extra-ordinary powers of supervisory jurisdiction, and it does not bar consideration on the merits of the issue denied supervisory review, when an appeal is taken from the final judgment. [Emphasis added] State v. Smith, 322 So.2d 197 (La.1975).
Furthermore, on the showing made we do not find that relator will suffer irreparable injury should we fail to exercise our supervisory jurisdiction.
In brief, appellant requests that we exercise our supervisory jurisdiction "for the sake of judicial economy and to clear up conflicts within the different sections of the Twenty-Fourth Judicial District Court." We cannot resolve conflicts in the different sections of the Twenty-Fourth Judicial District court which are not before us. More importantly, Comeaux does not meet the two-fold test for determining the exercise of our supervisory jurisdiction. Henry, supra.
Accordingly, the appeal is dismissed and the case remanded for further proceedings.
DISMISSED AND REMANDED.
NOTES
[1] La.R.S. 13:3925 provides:

If the employer answering such interrogatories should plead that the employee is indebted unto the employer, the employer shall make a full and complete disclosure of the status of such account, showing the time that the debt was incurred, the exact amount of such debt, the credits applicable thereto, the manner in which this debt is being liquidated, and all other facts in connection therewith and pertinent thereto, whereupon the court may hear evidence affecting such issue and may render a judgment ordering the payment to the employer of the non-exempt portion of such salary, wage or commission at a specified rate in the same manner as if the employer were a judgment creditor having a prior garnishment. The court likewise shall fix the date upon which the claim should be considered liquidated and the date the garnishment therein sued out shall take effect. It is the intention of this Section that the employer should be treated as one holding a prior garnishment, but limiting the time within which such indebtedness should be considered paid in full in order that other garnishments may attach, the priority of such employer being limited to that time.
[2] A show cause order was issued directing the parties to respond by brief only why the matter should not be dismissed.