545 So.2d 638 (1989)
Carmel RHODES
v.
Richard NALENCZ d/b/a McDonald's Restaurant and Lumbermens Mutual Casualty Company.
No. 89-CA-162.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 1989.
Earl A. Maxwell, New Orleans, for plaintiff/appellant.
Andrew L. Plauche, Jr., New Orleans, for defendants/appellees.
Before BOWES, DUFRESNE and WICKER, JJ.
PER CURIAM.
This appeal arises from a judgment rendered in favor of defendants/appellees Richard Nalencz d/b/a McDonald's Restaurant and Lumbermens Mutual Casualty Company and against plaintiff/appellant Carmel Rhodes. The judgment granted defendants/appellees' "Motion to Enforce Compromise" and plaintiff/appellant has filed a devolutive appeal.
This court, sua sponte, noticed after examination of the record that the judgment *639 was interlocutory since it did not dismiss plaintiff's suit. Instead, the judgment reads in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion to Enforce compromise be, and it is hereby granted.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff agree to execute the appropriate dismissal and release in exchange for the compromise settlement amount of $27,500.00 within thirty days of the date of this hearing.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in the event the plaintiff does not agree to execute the appropriate dismissal and release within thirty days of the date of this judgment, then Richard Nalencz d/b/a McDonald's Restaurant and Lumbermens Mutual Casualty Company are directed to deposit the settlement funds in the amount of $27,500.00 in the registry of the Court with an original dismissal and an original receipt and release to be held by the clerk of court.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in the event Richard Nalencz d/b/a McDonald's Restaurants and Lumbermens Mutual Casualty Company have to deposit the settlement funds, dismissal, and release in the registry of the Court, that upon doing so, this suit will be dismissed with prejudice. [Emphasis added].
The judgment also compels Carmel to sign a compromise. Thus, he is subject to being ruled into court for contempt proceedings for failure to sign. Since the appeal is devolutive, further proceedings may be conducted below, rendering any opinion from this court an advisory one. Additionally, in the case's present posture, the appeal may become moot should Carmel sign the compromise.
Accordingly, this court issued a show cause order asking appellant and appellee to respond by brief only why the matter should not be dismissed and the matter remanded for further proceedings. Appellant in brief indicated the matter is not yet moot since no settlement papers have been presented to Carmel. Nevertheless, the judgment appealed is interlocutory as no judgment of dismissal has yet been rendered. Therefore, for the reasons stated, we decline to consider the matter on appeal.
We now turn to a consideration of whether we should decide the issue raised on appeal through the exercise of our supervisory jurisdiction as both parties have asked this court to do so. In First Fin. Bank v. Boue, 541 So.2d 947, 950 (La. 5th Cir. 1989) we considered a two-fold test in determining whether to exercise our supervisory jurisdiction as follows:
1. if there is no remedy on appeal AND
2. if the relator will suffer irreparable harm if the writ is not granted.
Should Carmel appeal the final judgment dismissing his suit, he would have no adequate remedy on appeal since he would have had to sign the compromise, thus rendering the issue moot. Additionally, he will be precluded from going forward with the merits of his claim against defendants and suffer irreparable injury.
Accordingly, the conditions for the exercise of our supervisory jurisdiction are met.
Appellant specifies the following error:
The trial judge erred as a matter of law in granting defendants' motion to enforce compromise.
The testimony at trial set forth the following: Carmel verbally accepted via telephone an offer of $27,500.00 presented to him by his prior attorney. However, after seeing his physician the following day he changed his mind. That date was a Friday. An attempt to contact his prior attorney that Friday evening was unsuccessful. When his attorney was contacted the following Monday, March 7, 1988 letters between counsel had already been sent. Both letters were dated March 3, 1988 and purport to be an offer and an acceptance. The letters were as follows:
*640 
*641 Carmel filed suit against Richard Nalencz d/b/a McDonald's Restaurant and Lumbermens Mutual Casualty Company. The letter from Carmel's attorney only mentions settlement of Carmel's claim against "McDonald's Corporation and its insurer, Lumbermens Mutual Casualty Company" and not against Nalencz. Carmel filed his petition against Nalencz as the owner of the McDonald's restaurant located at 2932 Highway 90, Avondale, Louisiana. In addition, he only requested service issue as to Nalencz and Lumbermens and did not request McDonald's Corporation be served. In addition, the letter from defense counsel does not refer to the party or parties who are released.
L.S.A.-C.C. art. 3071 requires of compromise:
This contract must either be reduced into writing or recited in open court and capable of being transcribed in the record of the proceeding ...
In Jacobson v. Harris, 503 So.2d 540, 542 (La.App. 4th Cir.1987) writ denied 503 So.2d 1019 (La.1987), the court explained:
The requirement that the agreement must be in writing and signed by both parties does not necessarily mean that the agreement must be contained in one document. It would suffice that there be a written offer signed by the offeror and a written acceptance signed by the acceptor, even if the offer and the acceptance are contained in separate writings. In other words, where two instruments, when read together, outline the obligations each party has to the other and evidence each party's acquiescence in the agreement, a written compromise agreement contemplated by L.S.A.-C.C. Art. 3071 has been perfected. Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981).
Although the record contains two letters mentioning a settlement, a reading of the two does not evidence the existence of an agreement since the terms are unspecified. "The purpose of LSA-C.C. Article 3071 is to ensure proper proof of extra-judicial agreements." Troxclair v. Parish of St. Charles, 450 So.2d 759, 760 (La.App. 5th Cir.1984).
Accordingly, for the reasons stated, the judgment rendered August 8, 1988 granting the motion to enforce compromise is reversed and the matter is remanded to the trial court for further proceedings.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT REVERSED; MATTER REMANDED.