CANNELLA, Judge.
In this action for post-divorce alimony, Mary Frances Henricks, divorced wife of Harry Charles Stumpf, asserts her freedom from fault. By deposition and answers to interrogatories, she asserts mental and physical abuse by Mr. Stumpf while they were married. She named several physicians who treated her for the injuries that she claimed she sustained by Mr. Stumpf’s abuse. Mr. Stumpf sought to discover the medical records and testimony of the physicians and Mrs. Stumpf objected, based on her patient/physician privilege. A status conference was held on March 24, 1992 and the issue was presented to the court, who took the matter under advisement and requested memoranda. The trial judge ruled, in a judgment dated May 14, 1992, that Mrs. Stumpf waived her patient/physician privilege by placing her physical and mental condition at issue by claiming spousal abuse. She further ordered that Mr. Stumpf have access to all physicians referred to in interrogatories or in disposition and that they be deposed or called as a witness at trial.
Mrs. Stumpf appeals from the judgment of May 14, 1992, which we convert to a writ, since the issue involves a non-appeal-able interlocutory judgment. See: Rhodes v. Nalencz, 545 So.2d 638 (La.App. 5th Cir.1989). After reviewing the matter, we conclude that the writ should be granted. We reach this conclusion based on La. R.S.:13:3734, Smith v. Kavanaugh, Pierson & Talley, 513 So.2d 1138 (La.1987) [extensive discussion of the privilege immunity and the manner in which it can be waived] and Arsenaux v. Arsenaux, 428 So.2d 427 (La.1983).
*685 La.R.S. 13:3734 provides that a patient’s communications to a health care provider is privileged information and the patient may refuse to disclose the communications except in certain circumstances. The exceptions are cases involving a will contest, an instrument transferring property by a deceased, a death, workers compensation or a personal injury. There are no exceptions for separation, divorce or alimony actions, and it is not proper for this court to judicially create such an exception herein. Arsenaux v. Arsenaux, supra, at 430. The privilege, however, may be waived by the patient (or the party to whom the privilege applies). See: Arsenaux v. Arsenaux, supra, at 430; Smith v. Kavanaugh, Pierson & Talley, supra, at 1143. The waiver may be express or implied. Id. at 1143.
Three situations discussed in Smith on pages 1143-1146, can cause unfairness from the abuse of the privilege:
1) Partial disclosure of privileged communication at trial; and
2) Pre-Trial partial disclosure; and
3) Placing privileged communication at issue.
In trial the disclosure of part of a larger body of privileged communication is deemed a waiver of all of the communication on the subject. The reason is to protect the adversary from the unchecked editorial control of the privileged party over available evidence. Id. at 1144.
Pre-Trial partial disclosure, while not causing the same immediate unfairness as in-trial disclosure, can still cause comparable unfairness by distorting settlement evaluation and obstructing the opposing party’s ability to effectively prepare for trial. Id. at 1145. As a result, courts have invoked “anticipatory waiver” to order discovery of privileged material which is anticipated will be used at trial. The privilege holder can avoid this discovery by stipulating that he will not introduce it, or any privileged communication on the same subject, at trial. Id. 1145.
The placing-at-issue waiver occurs when the “privilege-holder” pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privileged communication at trial in order to prevail. Id. at 1145. As a result, the privilege is waived as to the communications on that subject.
Under these three concepts, the waiver does not depend on merely the relevance of the privileged material, or on the adversary’s need, no matter how strong, for the communication. Id. at 1146. The focus is on the privilege holder, and the sole concern is whether the privilege holder has “committed himself to a course of action that will require the disclosure of a privileged communication”. Id. at 1146.
In this case, Mrs. Stumpf did not name the physicians until she complained of Mr. Stumpf’s abuse, in answer to his interrogatories and deposition questions. Her proof of abuse does not necessarily require the testimony of the physicians or introduction of medical records. Without eliminating her claim of abuse, she may avoid the use of privileged information by stipulation that she will not refer to her communications with the physicians. She and other witnesses can testify to facts, such as her mental or physical condition, in support of her assertion of abuse.
Mrs. Stumpf claims that she and Mr. Stumpf agreed that she would not use most of the doctors at trial and that she would inform him later about another doctor. The record shows what purports to be a judgment on this, but it is unsigned and no other document or stipulation is in the record. Nonetheless, she is not precluded from so stipulating and thus avoiding the determination that the communications are waived in anticipation of their use at trial.
The trial judge, however, found that the health care provider communications are discoverable because Mrs. Stumpf placed the subject at issue by claiming abuse. She also found that the pleadings and the deposition testimony placed the matter at issue.
We note that the pleadings only allege Mrs. Stumpf to be free from fault. The allegations of abuse were first raised in her answers to interrogatories and depo *686 sition. She referred to treatment by the physicians for the alleged abuse in answer to questions by adverse counsel and she did not volunteer the information. Nevertheless, even if this constitutes placing the matter at issue, the privilege would be waived under that concept only if she is forced to draw upon the physicians and the medical records to prevail at trial. As we have already noted, this information is not the only evidence she can produce in order to prevail.[1]
While we find that the trial judge erred in applying the “placing-the-matter-at-issue” concept to find a waiver, she did not err in ordering discovery because of the “anticipatory waiver” concept {Smith at 1145). However, we also find that Mrs. Stumpf may avoid this waiver of privilege by stipulating that she will not use or refer to the content of any discussions with the physicians in trial. We therefore order the trial judge to amend the judgment to allow this condition to be fulfilled within a reasonable time period prior to the trial. If Mrs. Stumpf stipulates, timely, not to refer to the contents of the medical evidence, we hold that the privilege is not waived and that the discovery by Mr. Stumpf is barred. Furthermore, if no stipulation is forthcoming, we find that discovery must be limited to medical communications related solely to the fault issue of Mr. Stumpf. The judgment must reflect this limitation to protect the privilege regarding Mrs. Stumpfs other medical communications. Thus, we order the trial judge to amend the judgment as stated above.
Accordingly, the writ is granted, the judgment is amended and the matter is remanded.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT AMENDED; MATTER REMANDED.

. It is not clear how the information is intended to be used at trial. Mrs. Stumpfs burden of proof is to show that she is free from fault. Mr. Stumpfs fault may be totally irrelevant, unless it is used to exonerate Mrs. Stumpf from some fault alleged by Mr. Stumpf for the break-up of the marriage.