STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

MICHAEL B. SPARKS

VERSUS

MARY ELIZABETH DONOVAN, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2001-0272
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John B. Scofield*, Judges.

**AFFIRMED.**

Lawrence G. Pugh, III
Alison Speirer Borison
1100 Poydras Street
3200 Energy Centre
New Orleans, LA   70163-3200
(504) 585-3200
COUNSEL FOR DEFENDANT/APPELLEE:
    Rite Aid, Inc./K&B Louisiana Corporation

Jack E. Truitt
The Truitt Law Firm
251 Highway 21
Madisonville, LA   70447
(504) 792-1062
COUNSEL FOR DEFENDANT/APPELLEE:
    K-mart Corporation

* John B. Scofield participated in this decision by appointment of the
Louisiana Supreme Court as Judge Pro Tempore

**Lamont P. Domingue**
**Andrea L. Albert**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Michael B. Sparks**

**Paul M. Donovan**
**Donovan & Lawler**
**4640 Rye Street**
**Metairie, LA 70006**
**(504) 454-6808**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Mary Elizabeth Donovan**

**Ingrid Cruz**
**1643 Josephine Street, Apartment 420**
**New Orleans, LA 70130**
**(504) 561-8105**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **K-mart Corporation**

AMY, Judge.

The plaintiff filed suit against his former wife and several pharmacies, claiming that while he and his wife were separated, but before their divorce, the pharmacies released copies of his prescription profiles to his wife without his consent, causing him to suffer, *inter alia*, embarrassment and emotional distress. The plaintiff eventually dismissed his claims against the pharmacies pursuant to a compromise. The plaintiff's ex-wife filed a motion for summary judgment and, alternatively, exceptions of no cause of action and no right of action, arguing that she had no duty with respect to her ex-husband's prescription records. The trial court agreed and granted the exception of no cause of action. From this judgment, the plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The present dispute arose in the larger context of a divorce proceeding. The record indicates that Michael Sparks, plaintiff herein, and Mary Elizabeth Donovan, one of the named defendants, were married in November 1980 and separated in June 1999. Their divorce was finalized on August 31, 2000.

In his petition in the instant matter, filed on January 23, 2001, Mr. Sparks alleged that on or around January 14, 2000, Ms. Donovan requested his prescription profiles from K Mart, Eckerd, Rite Aid, Walgreens, Rosser's Prescription Shop, Lewis Family Drug, and Walk In Clinic South. Mr. Sparks asserted that these pharmacies provided his prescription records to Ms. Donovan without his consent and without a court order or subpoena, in violation of Louisiana law pertaining to privileged information. In addition, he claimed that the defendants were liable in tort pursuant to La.Civ.Code arts. 2315 and 2317 and contended that their actions constituted an invasion of his privacy and caused him to suffer inconvenience,

emotional distress, and embarrassment. Mr. Sparks further argued that the release of his records caused his "long-term" relationship with these pharmacies to be strained and has required him to spend money in pursuing this claim in addition to the divorce proceeding.

In response to Mr. Sparks' assertions, K Mart, Rosser's, Walgreens, Eckerd, and Rite Aid each filed peremptory exceptions of prescription.[1] Accordingly, Mr. Sparks amended his petition to state that Ms. Donovan had obtained prescription records from the various pharmacies on other dates, ranging from January 14, 2000, through August 4, 2000. In the memorandum accompanying his motion to amend, Mr. Sparks claimed that his petition was not filed on January 23, 2001, but was instead filed on January 16, 2001. He pointed out that, based upon the additional information provided in the newly amended petition, seven of the eleven times that his wife obtained his prescription records took place after January 16, 2000, and any cause of action as to these occurrences had not prescribed when he filed his petition. In addition, with respect to his wife's actions before January 16, 2000, Mr. Sparks contended that he still had a viable cause of action pursuant to the doctrine of *contra non valentam* because he neither knew nor had reason to know that what had happened until after January 16, 2000.

The record indicates that in addition to the exceptions of prescription, K Mart, Rosser's, Rite Aid, and Eckerd also filed peremptory exceptions of no cause of action. These exceptions were not heard by the trial court because Mr. Sparks dismissed his claims against the pharmacy defendants with prejudice, pursuant to a compromise, on November 6, 2003.

---

[1] The record reflects that Lewis Family Drug, an out-of-state pharmacy, was never served, and the plaintiff voluntarily dismissed his claims against Walk In Clinic South.

On September 25, 2003, Ms. Donovan filed a motion for summary judgment, and, alternatively, exceptions of no cause of action and no right of action. After a hearing on September 26, 2003, the trial judge determined, pursuant to the balancing test outlined in *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386 (La.1979),[2] that Ms. Donovan's conduct in obtaining the records in light of a pending child custody proceeding was not so unreasonable as to give rise to a cause of action. The judgment granting Ms. Donovan's exception of no cause of action was signed on November 13, 2003.

Mr. Sparks appeals, contending that the trial judge erred in determining that his petition failed to state a cause of action.

## Discussion

The Louisiana Supreme Court has discussed the peremptory exception of no cause of action at length in its opinion in *Industrial Companies, Inc. v. Durbin*, 02-665 (La. 1/28/03), 837 So.2d 1207. In explaining its reasoning in that case, the court provided the following commentary as to the purpose of the exception of no cause of action and as to the proper grounds on which it may be sustained:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Cleco Corp. v. Johnson*, 2001-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. The

---

[2]In *Jaubert*, 375 So.2d at 1389 (Footnote omitted.), the supreme court commented as follows: Even where a right to privacy is found to exist, Louisiana courts have distinguished between invasions of that right which are actionable and those which are not. An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. Comment, The Right of Privacy in Louisiana, 28 La.L.Rev. 469 (1968). For an invasion to be actionable, it is not necessary that there be malicious intent on the part of the defendant. *Lucas v. Ludwig*, 313 So.2d 12 (La.App. 4th Cir. 1975), writ denied 1975 [sic]. The reasonableness of the defendant's conduct is determined by balancing the conflicting interests at stake; the plaintiff's interest in protecting his privacy from serious invasions, and the defendant's interest in pursuing his course of conduct.

3

> peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Fink v. Bryant*, 2001-0987, p. 3 (La.11/29/01), 801 So.2d 346, 348. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Cleco Corp.*, 2001-0175 at p. 3, 795 So.2d at 304; *Fink*, 2001-0987 at p. 4, 801 So.2d at 349. . . . Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Fink*, 2001-0987 at p. 4, 801 So.2d at 349. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Jackson v. State ex rel. Dept. of Corrections*, 2000-2882, p. 4 (La.5/15/01), 785 So.2d 803, 806.

*Durbin*, 837 So.2d at 1213. In addition to the above, and particularly relevant in the context of the present appeal, the fifth circuit has noted that in an exception-of-no-cause-of-action scenario, "[t]he petition must set forth the material facts upon which a cause of action is based; *the allegations must be ultimate facts*; conclusions of law of fact, and evidentiary facts will not be considered." *Parish of Jefferson v. City of Kenner*, 95-266, p.1 (La.App. 5 Cir. 10/31/95), 663 So.2d 880, 881(emphasis added). Moreover, in *Harris v. Brustowicz*, 95-27, p. 4 (La.App. 1 Cir. 10/6/95), 671 So.2d 440, 442, the first circuit noted that "when a petition states a cause of action as to any ground or portion of a demand, the exception should be overruled." We review *de novo* the trial court's judgment granting the exception of no cause of action. *Durbin*, 837 So.2d at 1213.

In our review of the judgment of the court below, it is important for our purposes to reproduce the factual allegations contained in Mr. Sparks' petition. The pertinent parts of that petition are as follows:

3.
At times prior to that in question, your petitioner had obtained certain prescription medications, as had been prescribed by certain of his

4

health care providers from the pharmacies associated with K MART CORPORATION, ECKERD DRUGS OF LOUISIANA, INC., ROSSER'S PRESCRIPTION SHOP, INC., RITE-AID [sic], INC., LEWIS FAMILY DRUG, WALGREEN LOUISIANA CO., INC., AND WALK IN CLINIC SOUTH and each of the said pharmacies did maintain certain medical and/or prescription records regarding petitioner.

4.

On or about January 14, 2000, MARY DONOVAN SPARKS did obtain from certain medical records or printouts of the prescriptions obtained by Petitioner from said improperly obtained documents in separate court proceedings.

5.

In obtaining these medical/prescription records, MARY DONOVAN SPARKS knew or should have known, that the documents she requested and obtained were private and privileged medical documents, not subject to public request.

6.

K MART CORPORATION, ECKERD DRUGS OF LOUISIANA, INC., ROSSER'S PRESCRIPTION SHOP, INC., RITE-AID [sic], INC., LEWIS FAMILY DRUG, WALGREEN LOUISIANA CO., INC., AND WALK IN CLINIC SOUTH  did provide a copy of the requested documents without requesting or obtaining your petitioner's consent or obtaining the proper Court authority/subpoena.

7.

The reckless actions taken by MARY ELIZABETH DONOVAN in requesting the private and privileged medical/prescription information of your Petitioner, and then disseminating said information to others, are actionable under La. Civil Code Article 2315 and have caused your Petitioner to suffer an invasion of privacy, embarrassment, inconvenience, emotional distress, have placed a strain on a long-term medical relationship with each of the involved pharmacies, and has caused Petitioner to expend additional sums in defending against said improperly obtained documents in separate court proceedings.

In his opposition to Ms. Donovan's motion and exceptions below, as well as in his brief on appeal, Mr. Sparks complains that Ms. Donovan obtained documents to which she would not have had access without a court order.  In support of this assertion, Mr. Sparks cites La.R.S. 13:3734(D)[3] for the proposition that his

---

[3]Louisiana Revised Statutes 13:3734(D) provides as follows:

Nothing in this Section shall preclude the health care provider from disclosing privileged information by medical report either before or after any legal proceedings are instituted, provided that he is in receipt of a written authorization executed by the patient.  If the health care provider knows or reasonably believes that the patient is physically or mentally incapable of authorizing release, the health care provider may

prescription records are privileged and that a duty of confidentiality is owed by health care providers, including pharmacists, to their patients. Mr. Sparks argues that according to *Stumpf v. Stumpf*, 613 So.2d 683 (La.App. 5 Cir. 1993), a patient may refuse to disclose the substance of his communications with his pharmacist except in limited circumstances, which, pursuant to *Arsenaux v. Arsenaux*, 428 So.2d 427 (La.1983), do not include divorce proceedings. Mr. Sparks points out that he did not otherwise waive this privilege at any time between January and August 2000.[4]

In the alternative, Mr. Sparks contends that although his ex-wife might not be affected by the aforementioned privilege, her actions constituted intentional infliction of emotional distress, and she caused him to suffer mental anguish. He points out that in Ms. Donovan's deposition, taken in January 2003, she admitted obtaining his pharmacy records without his consent and without a court order and further admitted including these records in a complaint to the state medical board and discussing them

---

disclose privileged information provided he is in receipt of a written authorization executed by a person authorized under R.S. 40:1299.40 to consent to medical treatment for the patient. Furthermore, when a patient is represented by an attorney and that attorney provides the health care provider with written authorization executed by the patient, the health care provider may disclose to the attorney any communication which was necessary to enable him to diagnose, treat, prescribe, or act for the patient and may provide to the attorney, as agent for the patient, any medical reports, X-rays, or any other written information the health care provider has regarding the patient, all without the necessity of complying with formal discovery.

[4] The record reflects that in the memorandum in support of her motion for summary judgment and exceptions of no cause of action and no right of action, Ms. Donovan conceded that she did, in fact, obtain Mr. Sparks' prescription records as a result of the divorce proceedings and incidental litigation that began in December 1999, including an action for custody of the couple's two children. Ms. Donovan explained that her husband's use of prescription drugs was of concern to her in light of the custody proceedings, and she claimed to have received his records from one pharmacy of her own volition before being instructed by her divorce attorneys to obtain the rest. She noted that she simply contacted the pharmacies and requested the records, and they were given to her. In addition, Ms. Donovan argued that Mr. Sparks' claim against her hinged on a duty that both she and the pharmacists owed to him to protect his records. However, Ms. Donovan noted, only the pharmacies owed Mr. Sparks this duty pursuant to La.R.S. 13:3734(D); she did not. She contended that because she had no duty to Mr. Sparks in this regard, under the duty-risk analysis required by La.Civ.Code art. 2315, she was not liable to him.

6

with a friend of hers, with the family's psychologist, and with her brother-in-law. Mr. Sparks contends that Ms. Donovan disseminated the information found in his prescription records for the purpose of causing him harm, embarrassment, and mental anguish in both his private life and in his business endeavors.

Mr. Sparks' arguments in opposition to Ms. Donovan's motion and exceptions below, as well as his contentions on appeal, are chiefly based upon factual allegations that are not found within the petition. We are cognizant that, despite these additional facts, we are only to consider those allegations made within Mr. Sparks' petition itself in concluding whether he has stated a cause of action, as directed by the supreme court in *Durbin*, above.

Mr. Sparks alleges in his petition that Ms. Donovan's conduct is subject to redress under La.Civ.Code art. 2315. This article, the fountainhead of tort liability in Louisiana law, states, in pertinent part, that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." In determining tort liability pursuant to La.Civ.Code art. 2315, courts are to employ a duty-risk analysis, as reiterated by the supreme court in its recent opinion in *Oubre v. Eslaih*, 03-1133, p. 9 (La. 2/6/04), 869 So.2d 71, 77: in order to recover, a "plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty."

The focus of the matter on appeal, in the context of La.Civ.Code art. 2315, is whether Ms. Donovan owed a duty to Mr. Sparks. Whether a duty exists is a matter of law. *Lazard v. Foti*, 02-2888 (La. 10/21/03), 859 So.2d 656. Our review of

7

Louisiana law, both statutory and jurisprudential, reveals no duty on the part of a wife—more specifically, a wife separated but not yet divorced from her husband—to protect the privileged nature of her husband's medical records. In this respect, Mr. Sparks has failed to state a cause of action.

Mr. Sparks' petition also alleges that Ms. Donovan's actions caused him emotional distress. In *King v. Bryant*, 01-1379, p. 3 (La.App. 3 Cir. 7/10/02), 822 So.2d 214, 217, *writ denied*, 02-2378 (La. 11/22/02), 829 So.2d 1046, quoting *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La.1991), a panel of this court observed that, in order to prevail in a cause of action for intentional infliction of emotional distress, a plaintiff must prove the following elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." Furthermore, the elements of intentional infliction of emotional distress must simply be alleged in the plaintiff's petition in order to state a cause of action *White v. White*, 93-1389 (La.App. 3 Cir. 6/15/94), 641 So.2d 538, *writs denied*, 94-2456 (La. 12/19/94), 648 So.2d 402, 94-2467 (La. 12/19/94), 648 So.2d 402.

Our examination of Mr. Sparks' petition reveals no factual allegations that indicate that Ms. Donovan intended to cause her husband emotional distress or that she was aware that her actions in obtaining the records were certain or substantially certain to cause him emotional distress. Clearly, with respect to intentional infliction of emotional distress, this petition fails to state a cause of action.

Mr. Sparks likewise asserts that Ms. Donovan's actions amounted to an invasion of privacy. In *Lee v. Pennington*, 02-381, p. 11 (La.App. 4 Cir. 10/16/02),

8

830 So.2d 1037, 1045, *writ denied*, 02-2790 (La. 1/24/03), 836 So.2d 52, the fourth circuit noted that

> [a]n actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386, 1389, *citing*, The Right of Privacy in Louisiana, 28 La.L.Rev. 469 (1968). The reasonableness of the defendant's conduct is determined by balancing the conflicting interests at stake, the plaintiff's interest in protecting his privacy from serious invasions, and the defendant's interest in pursuing his course of conduct. *Id.*

As noted above, the trial judge based his decision to sustain Ms. Donovan's exception of no cause of action in part upon his determination that Ms. Donovan's interest in obtaining Mr. Sparks' prescription records, in light of the custody proceedings, outweighed Mr. Sparks' interest in maintaining his privacy in those records and that Ms. Donovan's actions did not rise to the level of a cause of action. Although we note that in arriving at this conclusion, the trial judge considered facts outside the petition, we do not disagree with the result. Mr. Sparks' petition contains no facts that would indicate that Ms. Donovan's conduct in obtaining the prescription records was unreasonable; therefore, it fails to state a cause of action as to invasion of privacy.

Our examination of Mr. Sparks' petition reveals no factual allegations that would support a cause of action. We find no error in the trial judge's decision to grant Ms. Donovan's exception of no cause of action. This assignment lacks merit.

## DECREE

For the foregoing reasons, the trial court's ruling granting the exception of no cause of action is affirmed. All costs of this proceeding are assigned to the plaintiff-appellant, Michael B. Sparks.

**AFFIRMED.**